■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOCELYN HAYNES, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County, entered June 23, 1978, which granted defendant's

motion to dismiss the indictment upon the ground that the People were not ready for trial within six months of the commencement of this action as required by CPL 30.30 (subd 1, par [a]). The appeal brings up for review a further order of the same court, entered July 31, 1978, which granted the same relief to defendant. By order dated November 13, 1979, this court (1) dismissed the appeal from the order entered June 23, 1978, on the ground that it had been superseded by the order entered July 31, 1978, and (2) reversed the order entered July 31, 1978, on the law, and denied the motion to dismiss the indictment (People v Haynes, 72 AD2d 778). On December 22, 1980, the Court of Appeals reversed the order of this court, and remitted the case to this court "for review of the facts, if any" (52 NY2d 37, 46). Appeal from the order entered June 23, 1978 dismissed as academic. That order was superseded by the order entered July 31, 1978. Order entered July 31, 1978 affirmed. The six-month period within which the People are required to be ready for trial under CPL 30.30 (subd 1, par [a]) is to be measured from the date of filing of the felony complaint, and not from the date of filing of the indictment, even when, as here, the complaint was dismissed. (See People v Haynes, 52 NY2d 37, supra.) Using that date as a point of reference, Criminal Term correctly found that the People were chargeable for a time period in excess of six months and, accordingly, Criminal Term correctly dismissed the indictment. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.