OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant herein, charged in a single count indictment with grand larceny in the second degree (Penal Law, § 155.35) has filed an omnibus motion for discovery (CPL 240.20), a bill of particulars (CPL 200.90), and to dismiss the indictment for vagueness (CPL 210.20, subd 1, par [a]; 210.25) and evidentiary insufficiency (CPL 210.30). The defendant also moves under CPL 710.20 to suppress his *536 allegedly involuntary statements and certain physical evidence, and under CPL 210.20 (subd 1, par [g]) to dismiss the prosecution as untimely pursuant to CPL 30.30 (subd 1, par [a]).
The court will address the speedy trial issue first, since the outcome thereof may be dispositive. The defendant was initially charged by felony complaint, on May 26, 1981, with grand larceny. The complaint alleged that the defendant, an employee of Chemical Bank, stole coupons from his employer on April 12, 1981, valued in excess of $250. The complaint was adjourned on several occasions and finally dismissed on July 30, 1981 for failure to prosecute. The defendant was subsequently indicted on December 23, 1981 for grand larceny in the second degree. The indictment alleges that the defendant, from March 8, 1981 until April 19, 1981, stole coupons from Chemical Bank valued in the aggregate in excess of $1,500. The indictment was filed 7 months and 10 days after the defendant was arraigned on the felony complaint.
In People v Lomax (50 NY2d 351, 355), the Court of Appeals held that a criminal action commences with the filing of the first accusatory instrument. (CPL 1.20, subds 1,17.) In People v Osgood (52 NY2d 37), the court held that a criminal action encompásses the filing of a felony complaint in the criminal court, even though the complaint is subsequently dismissed and an indictment which charges the same offense is later filed. The court based its decision upon statutory construction, holding that CPL 30.30 applies to a criminal action from its inception, and that the indictment was “derived” from the felony complaint so as to bring both accusatory instruments within the definition of a single criminal action as set forth in CPL 1.20 (subd 16). (People v Osgood, 52 NY2d 37, 43-44, supra.)
The issue presented here is whether the inclusion in the instant indictment of other larcenies in addition to the larceny initially charged in the felony complaint, sufficiently distinguishes the indictment from the complaint so as to constitute separate criminal actions. The resolution of this issue depends upon whether the indictment must be construed to have “directly derived” from the initial complaint. (CPL 1.20, subd 16.) The Court of Appeals in People *537 v Osgood (supra, p 44) construed the term “derived” in its ordinary sense, as meaning traced to or originated from. This court holds that the indictment herein was “directly derived” from the felony complaint as that term has been construed by the Court of Appeals. Further support for this construction is found in the statutory double jeopardy provisions of the CPL, which defines single “criminal transaction”, inter alia, as “two or more or a group of acts * * * (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture” (CPL 40.10, subd 2, par [b]) and which requires that all such offenses be joined in a single indictment (CPL 200.20, subd 2, par [d]; subd 5) and bars successive prosecution of any offenses not so joined. (CPL 40.40, subd 1.) Multiple larcenies are considered as a single criminal transaction where property is taken from the same owner and place by a series of acts which are pursuant to a single intent and in the execution of a common larcenous scheme. (Cf. People v Luongo, 58 AD2d 896, 897, affd 47 NY2d 418.) In the instant case, the larceny initially charged in the felony complaint was one of a series of larcenies of the same species of property allegedly stolen by the defendant pursuant to a single fraudulent scheme from his employer. Consequently, the entire series of offenses constitutes a single criminal transaction necessarily join-able in a single accusatory instrument. The indictment, therefore, in effect, charged the same offense as the complaint, and was certainly directly derived therefrom. (Cf. People v Colon, 76 AD2d 805, 807.)
The prosecution of the criminal action thus commenced with the filing of the felony complaint on May 26, 1981. The People did not file the indictment until more than seven months later. The prosecution is, consequently, untimely, unless the People can show that the preindictment delay is attributable to one of the exceptions set forth in CPL 30.30 (subd 4), such as the need for further investigation to adequately prepare the People’s case. (CPL 30.30, subd 4, par [g]; People v Osgood, supra, p 42, n 1; see People v Washington, 43 NY2d 772, 774.)
The People, in their response to the defendant’s motion, have misapprehended the issue, since the series of larcen *538 ies set forth in the indictment and the single larceny alleged in the felony complaint are part of the same action under CPL 30.30. The People are, therefore, granted leave to file a supplementary affidavit setting forth the reason for the delay between the filing of the felony complaint and the filing of the indictment. The resolution of defendant’s speedy trial motion will be held in abeyance pending the People’s submission.
(May 10, 1982)
On April 1, 1982, this court ordered the District Attorney to submit an affidavit concerning the reasons for the delay between May 26, 1981, when the defendant was initially charged by felony complaint with larceny of bank coupons valued in excess of $250, and December 23, 1981, when the instant indictment was returned, charging the defendant with grand larceny in the second degree for the alleged theft of coupons valued in the aggregate in excess of $1,500 from March 8, 1981 to April 19, 1981. The court has held that both accusatory instruments constitute parts of the same criminal transaction for speedy trial purposes (CPL 30.30; People v Osgood, 52 NY2d 37), and that the People must bear the burden of showing good cause for the preindictment delay in excess of six months.
The prosecutor’s affirmation, submitted pursuant to this court’s previous order, states that the felony complaint was based upon the defendant’s admission, on May 21, 1981, that he had stolen bond coupons from his employer’s mail-room on four separate occasions. The coupons had been submitted to the bank by outside institutions for payment. As of the date of defendant’s admission, the only reportedly missing coupons were those specified in the felony complaint, valued in excess of $250. A security officer of the employer bank informed the District Attorney that the remaining coupons stolen during the period of defendant’s employment were not identified until December, 1981, when the last of the submitting institutions complained that it had not been credited for coupons which had been mailed. The defendant does not challenge this assertion. The prosecutor further contends that the Grand Jury pre *539 sentation could not proceed until the stolen coupons had been identified, in corroboration of defendant’s admission.
The court finds that it was necessary, in order for the prosecution to present a legally sufficient case to the Grand Jury, to adduce some evidence apart from the defendant’s confession, in corroboration thereof, that the larcenies had in fact occurred. (CPL 70.10, subd 1; 190.65, subd 1, par [a]; 60.50; 190.30, subd 1; see People v Murray, 40 NY2d 327, 332.) Although the Court of Appeals in Osgood (supra) found that the dismissal in criminal court of a felony complaint does not toll the speedy trial provisions of CPL 30.30 (subd 1), the court recognized that the absence of sufficient evidence to warrant a Grand Jury presentation once an action has been commenced by filing the felony complaint, may constitute an “exceptional circumstance” where additional time is required to obtain the necessary evidence and the People exercise due diligence in going forward with the Grand Jury presentation. (People v Osgood, supra, p 42, n 1; CPL 30.30, subd 4, par [g].) The court finds that evidence of the commission of larceny, by the unexplained disappearance from the mails of bank coupons, was necessary to and yet unavailable for the presentation of a prima facie case to the Grand Jury, and that the prosecution had reasonable grounds to believe, based upon the defendant’s admissions, that such evidence, in the form of complaints by submitting institutions would become available within a reasonable period. (CPL 30.30, subd 4, par [g], cl [i].) The court cannot find any cogent reason for requiring the prosecution to have obtained an indictment for grand larceny in the lesser (third) degree, and to have superseded that indictment by a new indictment for grand larceny in the greater (second) degree when the essential evidence became available (CPL 200.80), since the excludable period would pertain to the felony complaint and superseded indictment alike, and two Grand Jury presentations would have been required.
Accordingly, since the defendant does not contend that the prosecution failed to exercise due diligence in obtaining the necessary corroborative evidence, and no other issues of fact are presented by the motions submitted *540 herein (cf. People v Berkowitz, 50 NY2d 333, 349), the motion to dismiss pursuant to CPL 210.20 (subd 1, par [g]) is denied.