OPINION OF THE COURT
Sara P. Schechter, J.
Respondent in the instant juvenile delinquency proceeding moves to dismiss the petition, claiming violation of statutory and constitutional speedy trial provisions.* The motion presents a question of first impression in the interpretation of Family Court Act §§ 310.2 and 340.1, which became effective July 1, 1983.
FACTS
On July 31, 1984 respondent was arraigned on a petition charging robbery in the second degree. The matter was set down for trial before this court on September 17, 1984. On that date the presentment agency was unable to proceed due to the unavailability of certain Rosario material. The case was adjourned to November 13, 1984 and marked final against the presentment agency.
On November 13 the presentment agency was unable to go forward due to the failure of its chief witness, a police officer, to appear. The explanation offered by the prosecutor for the offi *781 cer’s absence was as follows: It was the officer’s day off. According to the policy of the police department, the officer is not allowed to attend court on his day off unless the case is marked final. Although the officer had previously received written notification from the prosecutor that the case was marked final, the witness’ commanding officer nevertheless called the office of the presentment agency to double check. Some unspecified person in the office of the presentment agency incorrectly informed the lieutenant that the case was not marked final, although the notes in the file indicated that it was so marked. The lieutenant, therefore, decided not to send the officer to court.
Finding nothing in this explanation which would justify a departure from the statutory speedy trial mandates, the court dismissed the petition. One week later the presentment agency refiled the petition, which respondent now moves to dismiss.
THE LAW
Family Court Act § 310.2 states: “After a petition has been filed, the respondent is entitled to a speedy fact-finding hearing.” This section, which is the analog of CPL 30.20, is elaborated by six additional sections which set forth specific time requirements for various stages of the proceeding from arrest through disposition, and which, collectively, are the analog of CPL 30.30. (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 310.2, p 330.)
The specific section which is applicable to the time of the fact-finding hearing in this case, where respondent was not in detention, is section 340.1 (2), which provides that the fact-finding hearing “shall commence” (emphasis added) within 60 days after the initial appearance, except that the hearing may be adjourned for “not more than thirty days” on motion of the presentment agency “for good cause shown”. (Family Ct Act § 340.1 [3] [a].) Successive motions to adjourn can be granted only upon a showing of “special circumstances”. (Family Ct Act § 340.1 [5].) In the initial phase of the case at bar the court found that the difficulty in obtaining the Rosario material constituted “good cause” for an additional adjournment on September 17, 1984, but did not find failure of the police officer to appear to amount to “special circumstances” on November 13, 1984. Accordingly, the application for adjournment was denied and the proceeding dismissed.
The question which must be decided is whether, having exhausted the statutorily allotted time, the presentment agency can file a new petition on the same charges and thereby restart the clock. The presentment agency asserts its right to do pre *782 cisely that, subject only to the limitations of the Federal Constitution as applied to the States through the 14th Amendment. (The New York State Constitution contains no speedy trial provision.)
The court concurs with the presentment agency that respondent has not met his burden of establishing a constitutional violation. (People v Taranovich, 37 NY2d 442 [1975].) However, as the Court of Appeals has pointed out with reference to CPL 30.30, the statutory time restrictions must be read as conferring a “new statutory right to a dismissal if the People are not ready for trial within specified time limits” (People v Osgood, 52 NY2d 37, 41 [1980]). These rights are in addition to those already vested by the Constitution. The Osgood opinion by Judge Wachtler specifically rejects the argument advanced by the presentment agency: “It is no answer to say that the speedy trial provisions in the * * * Constitution will ultimately fix an outside limit,.” (People v Osgood, supra, at p 45, n 2.) Citing People v Lomax (50 NY2d 351) the court emphasizes that this reasoning is equally compelling where, as here, the original accusatory instrument has been replaced or superseded.
In some respects Family Court Act § 340.1 is a more stringent statute than CPL 30.30. Not only is the prosecution allowed less time by Family Court Act § 340.1, but the requirement for actual commencement of trial rather than mere readiness by the People also imposes an additional burden on counsel and the court. This stringency must be considered, however, in the light of the very significant purposes of the statute. Like CPL 30.30 the time limitations of the new juvenile delinquency article are designed to insure to the public diligent prosecution of delinquency charges and to eliminate the adverse effects of delay on the respondent’s rights. (People v Osgood, supra.) Respondent’s difficulties are certainly not mitigated, and in some cases may be aggravated, by the intermission in prosecution. The Legislature has weighed these considerations, presumably with particular concern for their impact on juveniles, and has established time frames accordingly. This court must respect the legislative judgment.
Accordingly, the petition is dismissed.

 Although the motion is characterized as a motion to dismiss in furtherance of justice (Family Ct Act § 315.2), it has been treated by the court as a speedy trial motion pursuant to Family Court Act § 332.1 (8). Both attorneys submitted memoranda addressing the speedy trial issue.