Alexander, J.
(dissenting). Under the authority of People v Lomax (50 NY2d 351) and People v Osgood (52 NY2d 37) a superseding or replacement indictment properly may be related back to the original accusatory instrument for the purpose of determining the commencement of the six-month readiness period imposed upon the People by CPL 30.30 (1) (a), and for the purpose of computing excludable time under CPL 30.30 (4).
The majority would accord the same treatment to what they characterize here as a "successive” indictment, despite the fact that it is neither a "superseding” nor a "replacement” indictment, and in fact charges a completely new crime. Because I believe that the rule enunciated by the majority is not warranted under any fair reading of Lomax and Osgood, and impermissibly weakens the CPL 30.30 readiness rule, I respectfully dissent.
The facts of this case are not complex. On November 20, 1981, defendant was charged in a felony complaint with *242 criminal possession of a weapon in the third degree under Penal Law § 265.02 (4) (possession of a loaded firearm outside of one’s home or place of business). The factual portion of the complaint noted that defendant had been previously convicted of a felony, but no charge was made of a violation of Penal Law § 265.02 (1) (criminal possession of a weapon in the fourth degree, as defined in subdivisions [1], [2], [3] or [5] of Penal Law § 265.01, by a defendant who has been previously convicted of any crime).
On December 1, 1981, defendant was indicted for various offenses including criminal possession of a weapon in the third degree, pursuant to Penal Law § 265.02 (4). Some seven months later, on July 8, 1982, a new indictment was returned charging defendant with criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (1) in that he possessed a firearm and had been previously convicted of a crime. On the People’s motion, the count in the original indictment which charged the violation of section 265.02 (4) was dismissed. The People did not announce their readiness to proceed to trial until August 20, 1982.
It is now settled that the six-month readiness period imposed by CPL 30.30 (1) (a) commences on "the date on which the first accusatory paper is filed” (People v Lomax, 50 NY2d 351, 356, supra; see also, People v Osgood, 52 NY2d 37, 43, supra). Since the first accusatory paper filed here was the felony complaint of November 20, 1981, the second indictment, which was returned more than six months after that filing, can survive dismissal only if the excludable time computed under CPL 30.30 (4) resulting from the first indictment is also applied to the second indictment.
In Lomax (50 NY2d 351, supra), acknowledging that the starting point for analyzing a defendant’s speedy trial motion under CPL 30.30 is the "commencement of a criminal action”, we approved applying the excludable time under an original indictment to a "new indictment encompassing the same criminal charges” (People v Lomax, 50 NY2d, at p 355, supra) where the new indictment had been obtained by the District Attorney with leave of the court (CPL 210.20 [4]) following dismissal of the original indictment pursuant to the defendant’s motion.
In Osgood (52 NY2d 37, supra), we reaffirmed the "relation back rule” enunciated in Lomax, but did so because the People’s inexcusable six-month delay in announcing readiness *243 for trial after the filing of the felony complaints caused those complaints to be dismissed. Thereafter, indictments were returned charging the same offenses, and the People argued that they should not be charged with the previous delay since the indictments actually commenced a new criminal proceeding. We rejected this argument, observing that the six-month ready rule was meant to eliminate unjustified delays and was not intended to provide rewards or incentives for delay.
Clearly then, the new indictment in Lomax (50 NY2d 351, supra) was a "replacement” indictment, and was authorized by express leave of the court. It charged the same offenses as originally charged and it was toward those originally charged offenses that the defendant’s delay-causing pretrial motions were directed. Thus, logic, fairness and the statute dictated that the People not be charged with delay caused by the defendant or occurring as a result of circumstances beyond the prosecutor’s control. However, where the prosecutor’s inexcusable failure to prosecute under the initial accusatory instrument resulted in a dismissal of the instrument, we denied the prosecutor an opportunity to recommence prosecution of the same charges through an indictment filed beyond the six-month limitation of CPL 30.30 (People v Osgood, 52 NY2d 37, supra). In Osgood, we affirmed our prior observation that " 'there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action’ ” (People v Osgood, 52 NY2d 37, 43, supra, quoting People v Lomax, 50 NY2d 351, 356, supra [emphasis supplied]).
Nowhere in the Criminal Procedure Law do we find authorization for "successive indictments” (see, CPL 30.10 [4] [b]; 210.20 [4]; 200.80). Although CPL 200.80 authorizes the seeking of " 'another indictment’ ” in the same criminal action " 'any time before entry of a plea of guilty to an indictment or commencement of a trial thereof ” (majority opn, at p 240), that authorization is limited to "another indictment * * * charging the defendant with an offense charged in the first indictment”. In such a case, the "offense [is] superseded by the second” indictment, and "the count of the first indictment charging such offense must be dismissed by the court” (CPL 200.80). The plain language of this statute requires that in order to supersede a prior indictment, a second indictment must charge the defendant with an offense charged in the first indictment (Matter of Gold v McShane, 74 AD2d 616, appeal *244 dismissed 51 NY2d 910, lv denied 52 NY2d 704; People v Westbrook, 79 Misc 2d 902, 905). Here, the second indictment charges an offense different from that charged in the first indictment. Thus, it cannot be said to have superseded the first for it is axiomatic that each subdivision of a statute constitutes a separate offense (Penal Law § 10.00 [1]; 2 Waxner, New York Criminal Practice § 9.10). Indeed, a defendant could be guilty of a violation of both Penal Law § 265.02 (1) and § 265.02 (4), guilty of one but not the other, or guilty of neither. Each offense has distinct elements and the fact that they are both denominated "criminal possession of a weapon in the third degree” and defined in Penal Law § 265.02 does not make them the same offense.* Moreover, CPL 200.80 requires that upon the "defendant’s arraignment upon the second indictment, the count of the first indictment * * * must be dismissed” (emphasis supplied). Here, the count in the first indictment was dismissed on the People’s motion after the second indictment was returned although there was no legal requirement that it be dismissed, as would be the case if the second indictment were truly a superseding indictment.
The term "replacement” indictment is nowhere defined, nor is it found, in the carefully structured Criminal Procedure Law. Our use of this term in People v Lomax (50 NY2d 351, supra) was in respect to a situation where the original indictment had been dismissed, leave granted to the People to resubmit and "a new indictment encompassing the same criminal charges was handed up” (People v Lomax, supra, at p 355; emphasis supplied). There the second indictment clearly charged the same offense and took the place of the first. It did not in any way change the theory of the prosecution nor would it have been possible for the People to proceed on both indictments. By contrast, the second indictment here did not replace the first indictment in the sense that this phrase is used in Lomax because the People could have proceeded with *245 both indictments since each charged a different offense and required proof of distinct elements.
To conclude that Lomax and Osgood authorize the relation back of "replacement”, "superseding” or "successive” indictments, indiscriminately and without regard to legislative authorization, is to read those decisions too broadly and to ignore the rule that " '[t]he language of any opinion must be confined to the facts before the court’ ” (see, People v Anderson, 66 NY2d 529, 535, and cases cited therein). The second indictment is not a "superseding” nor is it a "replacement” indictment; it is a new indictment charging a different offense than that charged originally, and it thereby alters the theory of the prosecution. The People’s delay in securing this second indictment was not in any way "caused by the defendant [nor] is [it] due to circumstances beyond the prosecutor’s control” (People v Osgood, 52 NY2d, at p 41, supra). Indeed, the delay is unexplained and inexcusable. Therefore, in my view, it is an "inconsistent, if not perverse” (id.) construction of the statute and our decisions in Lomax and Osgood to excuse the People’s delay in prosecuting the charge contained in the second indictment.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye and Titone concur with Judge Hancock, Jr.; Judge Alexander dissents and votes to affirm in a separate opinion.
Order insofar as appealed from reversed, etc.

 Our decisions in the double jeopardy area lend support to this analysis. We recently stated that "[t]he test for determining whether two offenses are the same within the meaning of the double jeopardy clause is whether two distinct statutory provisions each requires proof of a fact that the other does not” (People v Prescott, 66 NY2d 216, 221; see also, Blockburger v United States, 284 US 299). Applying this test here, it is clear that these provisions state separate and distinct offenses. In order to sustain a conviction under Penal Law § 265.02 (4), the People would not need to prove that defendant was previously convicted of a crime, while a prosecution for a violation of Penal Law § 265.02 (1) would not consider whether the firearm was loaded or whether the possession was in defendant’s home or place of business.