■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALLEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 1, 1984, convicting him of falsifying business records in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to dismiss his indictment on the ground that he had been denied his statutory right to a speedy trial.

Judgment affirmed.

The felony complaint charging the defendant with falsifying business records in the first degree was filed April 1, 1983, thus commencing the proceeding (see, People v Osgood, 52 NY2d 37, 49). An indictment was subsequently filed on September 16, 1983, and the defendant was arraigned on charge on September 28, 1983. At the arraignment, defense counsel consented to a one-week adjournment of the matter to October 5, 1983, when the People announced their readiness for trial.

After subtracting from the computation of the six months within which the People were required to be ready for trial the excludable seven-day period attributable to the "continuance granted by the court at the request of, or with the consent of, the defendant or his counsel" (CPL 30.30 [4] [b]), we find that the People's announcement of readiness was timely.

We have examined the defendant's remaining contentions and find them to be either unpreserved for our review or without merit. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH BAKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Clemente, J.), rendered February 25, 1982, convicting him of robbery in the first degree, robbery in the second degree, and burglary in the second degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.