OPINION OF THE COURT
Paula J. Hepner, J.
The petition in this matter was filed on June 26, 1991 and, *104 pursuant to section 312.1 of the Family Court Act, the court directed personal service of a summons upon the respondent. On July 1, 1991, another summons was issued by the court. With personal service still not effected, the court issued a third summons on July 3, 1991.[1] When the presentment agency’s attorney appeared before the court on July 5, 1991, the court issued a warrant for the respondent pursuant to Family Court Act § 312.2.[2] The presentment agency made no further applications to the court until February 6, 1992 when the respondent appeared, was assigned counsel and was arraigned on this petition.
The respondent now moves to dismiss this petition on several grounds. First, he argues that because there was no application for a judicial finding of "good cause” or "special circumstances” to continue the warrant beyond August 5, 1991, the petition must be dismissed pursuant to Family Court Act § 340.1 (4) and the Court of Appeals decision in Matter of Randy K. (77 NY2d 398 [1991]). Second, he argues that because this petition is a superseding petition for an identical one that was originally filed on May 6, 1991, the petition must be dismissed pursuant to Family Court Act §§ 310.2 and 340.1 (2) and the Court of Appeals decision in Matter of Frank C. (70 NY2d 408 [1987]).[3] Third, he argues that the petition must *105 be dismissed in the interests of justice, pursuant to Family Court Act § 315.2, arguing that the respondent is now 16 years old, that the incident occurred over 11 months ago and that the need for the protection of the community has been met along with the best interest of the child.
The presentment agency opposes the motion to dismiss and argues in support thereof that Matter of Randy K. (supra) does not apply to any of the stages of a juvenile delinquency proceeding prearraignment, therefore, the presentment agency had no obligation to request a "good cause” or "special circumstances” adjournment every 30 days after the warrant was issued. The presentment agency argues that no speedy trial violation occurred because the instant petition is a "new, separate and distinct case,” for which the initial appearance of the respondent did not take place until February 6, 1992. Finally, the presentment agency argues that the respondent has not shown any compelling consideration or circumstance necessitating dismissal of the petition under Family Court Act § 315.2.
LEGAL ANALYSIS
Although not clearly articulated, the presentment agency’s argument is based on the lack of provisions in the Family Court Act analogous to CPL 100.50 (superseding informations), to CPL 1.20 (17),* **[4] and to CPL 1.20 (16).[5] Not being subject to similar restrictions in the Family Court Act, the presentment agency asks this court to treat any subsequent petition filed against a respondent, involving the same criminal transaction, as a new petition, whose filing date triggers a recalculation of the time limits mandated by Family Court Act § 340.1.
In Matter of Frank C. (70 NY2d, supra, at 411), the Court of *106 Appeals held that the speedy fact-finding provisions of Family Court Act § 310.2 are analogous to the general speedy trial provisions of CPL 30.20. (Accord, Matter of Vincent M., 125 AD2d 60, 63 [1st Dept 1987]; Matter of J. V., 127 Misc 2d 780, 781 [Fam Ct, NY County 1985].) Therefore, even though the Family Court Act is silent with regard to superseding petitions and the legal effect thereof, the philosophy, legislative intent, purpose and legal reasoning underlying the general speedy trial provisions for adult defendants in the CPL is relevant to the analysis of the speedy trial rights of a juvenile respondent under the Family Court Act.
Under Family Court Act § 303.1 (2), then, the court "may * * * consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions” of article 3. In People v Lomax (50 NY2d 351, 356 [1980]), the Court of Appeals held that "there can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action. This is so even in cases such as this, where the original accusatory instrument was dismissed outright and the defendant was subsequently haled into court under an entirely new indictment.” The court went on to say that, "[o]bviously, if there can be only one criminal action for any given set of charges, there also can be only one date which marks the 'commencement’ of the action, the date on which the first accusatory paper is filed.” (People v Lomax, supra, at 356.)
In People v Osgood (52 NY2d 37, 42 [1980]), the Court of Appeals discussed one of the "prime objectives” for the requirement behind diligent prosecution of criminal charges, which is, to "eliminate] the adverse effects the delay may have on the defendant’s rights.” If dismissal of one indictment "merely serves as an intermission in a prosecution to be resumed at some unannounced date” (supra, at 42), the defendant can never be relieved of anxiety, confusion and uncertainty as to whether the prosecution has dropped the case, and whether there is a need to prepare or preserve a defense. For this reason, the Court of Appeals specifically rejected the precise argument which the presentment agency advances here — that the statutory time frames may be recommenced when a subsequent petition is filed because it marks the *107 commencement of a second (and different) criminal action. (People v Osgood, supra, at 42-43.)
The holdings of Lomax (supra) and Osgood (supra) were based, in part, on the language of CPL 1.20 (17). To say that these decisions are irrelevant because there is no comparable statute in article 3 of the Family Court Act, overlooks another crucial element which is that the principles enunciated in these cases also involve an interpretation of rights based on the Sixth and Fourteenth Amendments of the US Constitution, of CPL 30.20 and of New York Civil Rights Law § 12.
Inasmuch as these proceedings are "quasi-criminal” in nature (Matter of Gregory W., 19 NY2d 55 [1966]), there is no basis to hold that juveniles have fewer substantive and procedural due process protections than adults do with regard to speedy trial. For these reasons this court finds that a petition which replaces an earlier one in the same juvenile delinquency proceeding should be related back to the original accusatory instrument for the purpose of determining whether the respondent’s right to a speedy fact-finding hearing has been violated.
Family Court Act § 340.1 (2) provides that the fact-finding hearing for respondents who are not in detention, such as here, "shall commence not more than sixty days after the conclusion of the initial appearance.”[6] Where the respondent is not in detention, Family Court Act § 340.1 (4) gives the court the power to adjourn a fact-finding hearing an additional 30 days upon a showing of "good cause.” Thereafter, successive motions to adjourn the fact-finding are governed by Family Court Act § 340.1 (6) and require a showing of "special circumstances” before they may be granted. The remedy for a failure to hold the fact-finding hearing within the time limits prescribed by Family Court Act § 340.1 is dismissal. (Matter of Frank C., 70 NY2d 408, supra; Matter of Gregory C., 128 AD2d 615 [2d Dept 1987].)
Applying the foregoing standards to the facts of the instant matter, this court holds that the timeliness requirements of Family Court Act § 340.1 must be computed from May 6,1991, the date the original petition was filed on docket number D-6811/91. Since more than 60 days have elapsed from the filing *108 of the first petition, and no adjournments have been granted based upon a showing of "good cause” or "special circumstances,” the respondent’s motion to dismiss the instant petition is granted. In light of the court’s ruling with respect to speedy fact-finding, the alleged Randy K. violation and the motion to dismiss in the interests of justice need not be addressed.

. Respondent claims this petition was filed on July 3, 1991. However, according to the court files, it was filed on June 26,1991.

. Annexed as exhibits to the presentment agency’s answering papers are two affidavits of nonservice showing that their process server made two attempts to serve the respondent before the return date on July 1, 1991 and two attempts to serve the respondent before the return date on July 5,1991. Respondent’s attorney argues that he was never served because “after the case under Docket Number D — was dismissed on June 26, 1991, his mother became ill (comatose) and he moved in with his godmother, Ms. Marcia W. at Brooklyn, New York.” In conflict with this, however, are the judicial endorsements on docket number D — which reveal that when the respondent initially appeared on May 6, 1991, the Judge released him to the custody of his uncle/foster parent. On May 22, 1991, the respondent appeared with his aunt and the case was adjourned to June 26, 1991 for trial. The respondent did not appear on June 26, 1991 when the initial petition was withdrawn and the second petition was filed.

. On May 6, 1991, the respondent was arraigned, was assigned an attorney and was released to the custody of his uncle pending trial. On June 26,1991, the presentment agency withdrew this petition as a consequence of the Court of Appeals decision in Matter of Detrece H. (78 NY2d 107 [1991]). The court granted the presentment agency leave to refile. On the same day the first petition was withdrawn, the presentment agency filed the instant petition. The charges in the first petition involve the same incident and are identical to the charges in the instant petition. The only difference between *105 the two petitions are the supporting depositions which, although signed by the same police officer, were executed on different dates, and the presence of a ballistics report annexed to the second petition. The presentment agency apparently did not advise the court on February 6, 1992, the day of the respondent’s first appearance on the second petition, that the case had to be tried in 9 days due to the prior petition and therefore the court adjourned the case for trial and allotted the customary 30 days for motions, etc.

. CPL 1.20 (17) defines "commencement of a criminal action” as the moment when an accusatory instrument is filed against a defendant, and, "if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed” (emphasis added).

. CPL 1.20 (16) defines a criminal action as commencing "with the filing of an accusatory instrument” and terminating "with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case” (emphasis added).

. An "initial appearance” is defined under Family Court Act § 320.1 as "the date the respondent first appears before the court after a petition has been filed and any adjournments thereof, for the purposes specified in section 320.4.” (Emphasis added.)