People v Cecilio (2024 NY Slip Op 24246)

[*1]

People v Cecilio

2024 NY Slip Op 24246

Decided on September 13, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 13, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Alfredo Cecilio, Defendant.

Docket No. CR-004168-24KN

Prosecution: Kings County District Attorney's Office by ADA Elizabeth Lavalle
Defendant: Liam R. Malanaphy, Esq.

Joshua Glick, J.

Defendant moves for dismissal on speedy trial grounds alleging that the Prosecution's statement of readiness (SOR) was illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is GRANTED.
 BACKGROUND AND PRIOR PROCEEDINGS
On January 30, 2024, Defendant was arraigned on a misdemeanor complaint charging Assault in the Third Degree, Attempted Assault in the Third Degree, Endangering the Welfare of a Child, Menacing in the Third Degree, and Harassment in the Second Degree (PL §§ 120.00[1], 110/120.00[1], 260.10[1], 120.15, 240.26[1]). The factual portion of the complaint states, in relevant part, "Deponent is informed by [the complainant] that, at the above time and place, the defendant did punch the informant in the face. Deponent is further informed by the informant that informant and defendant's child in common [M.C., DOB: 2019] was present at the above time and place."
On April 22, 2024, the Prosecution filed a purported superseding information (SSI) with identical charges. The factual portion of the SSI states, in relevant part, "the defendant did punch the informant in the face while the informant and defendant's child was present in the room." It does not include any further information about the child. With the SSI, the Prosecution also filed a Certificate of Compliance and SOR. In the SOR, the Prosecution made a CPL §30.30(5-a) certification, effectively declaring that all remaining counts were facially sufficient.
On April 29, 2024, the parties appeared in Part DV1. Defendant requested and the Court granted an opportunity to review the SSI and discovery prior to mounting any challenges. Defendant was not rearraigned on the SSI.
On June 11, 2024, the parties again appeared in Part DV1. Defendant objected to the SSI, arguing it was facially insufficient as to the count of PL §260.10(1), Endangering the Welfare of a Child. The Court agreed, deeming the count facially insufficient for failure to establish the age element. Defendant was not rearraigned on the SSI.
On July 10, 2024, the Prosecution filed a second SSI containing identical charges. The [*2]factual allegations were amended to include the age of the child, matching the information contained in the original criminal complaint.
Defendant filed the instant motion on July 8, 2024, arguing that he is entitled to dismissal because the Prosecution has failed to file a valid information, Certificate of Compliance (COC), or SOR prior to the speedy trial deadline. Defendant argues that the SSI containing a facially insufficient count does not replace the original charging document. Relying upon People v Colley (81 Misc 3d 1250[A]), Defendant argues the Prosecution could not validly declare trial readiness because it is their fault that he could not be rearraigned on the information within the speedy trial window. Defendant further argues that, even if the COC and SOR stopped the speedy trial clock on April 29 at eighty-three days, the clock again ran between June 11 when the Prosecution was put on notice of the defective SSI and July 8, when Defendant filed the motion.
The Prosecution concedes that the count of PL §260.10(1) on the SSI is facially insufficient but argues that it does not invalidate their SOR because their CPL §30.30(5-a) certification was made in good faith. They rely upon two Appellate Term decisions, People v Williams (83 Misc 3d 21 [2024]) and People v Robinson (83 Misc 3d 129[A]).

RELEVANT LAW
To be deemed facially sufficient, a misdemeanor information must contain non-hearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offenses charged and, if true, the allegations must establish every element of each offense (see People v Alejandro, 70 NY2d 133, 137 [1987]; CPL §100.40[1]). Facial sufficiency is determined by reviewing the factual portion of the accusatory instrument in conjunction with any supporting depositions. However, the prima facie requirement for the facial sufficiency of an information "is not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based upon the proof presented at trial" (People v. Smalls, 26 NY3d 1064, 1066 [2015]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v. Casey, 95 NY2d 354, 360 [2000]). The court must assume that the factual allegations are true and must consider all reasonable inferences that may be drawn from the allegations (CPL §100.15; Alejandro, 70 NY2d at 135; People v Henderson, 92 NY2d 677 [1999]). The court need not negate every other plausible theory when a reasonable view of the facts establishes the offense charged (People v Dumay, 23 NY3d 518, 525-526 [2014]).
PL §260.10(1) provides, in relevant part that, "a person is guilty of endangering the welfare of a child when he or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old."
A statement of readiness is valid only if the prosecution certifies that all counts in the accusatory instrument meet the requirements of CPL §§ 100.15 and 100.40, and those that do not have been dismissed (CPL §30.30[5-a]).
Except when consensually waived, a misdemeanor complaint must be replaced by an information and the defendant must be arraigned thereon (CPL §170.65[1]). Where an accusatory instrument is facially insufficient, it must be amended rather than dismissed if the defect can be so cured and the prosecution move to so amend (CPL §170.35[1][a]; People v Nuccio, 78 NY2d 102 [1991]; People v Osgood, 52 NY2d 37 [1980]).
Pursuant to CPL §30.30[1][b], the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

ANALYSIS
The parties agree and the Court has already ruled that the SSI is facially insufficient as to the count of PL §260.10(1), Endangering the Welfare of a Child. The Court made this ruling on the record on June 11, 2024. This leaves the question of the defective SSI's impact on the Prosecution's SOR.
Binding precedent set forth by the Appellate Term makes clear that an inaccurate CPL §30.30(5-a) certification as to any count in the accusatory instrument will render the SOR illusory as to all remaining counts to which the certification also refers only when there is reason to believe it was made in bad faith (People v Williams, 81 Misc 3d 21, 23 [2024]; People v Robinson, 83 Misc 3d 129[A]). There is nothing before the Court to suggest the Prosecution acted in bad faith in certifying that all facially insufficient counts had been dismissed. Defendant makes no other challenges to the validity of the Prosecution's COC or SOR. The Court finds that the SOR was sufficient to stop the clock when it was filed on April 29, 2024.
However, this says nothing of the period after the Prosecution became aware of the defective accusatory instrument. The Prosecution was obligated to act to correct their mistake within the speedy trial window (CPL §170.35[1][a]; People v Osgood, 52 NY2d 37 [1980]). In their opposition, the Prosecution offers no explanation for their inaction following the June 11 appearance, when the SSI was found to be facially insufficient. They merely argue that their CPL §30.30(5-a) certification, made on April 29, was made in good faith. This is baldly insufficient to maintain post-readiness posture under the circumstances.
The Court finds that the period between June 11, 2024, and the filing of the instant motion on July 8, 2024, is chargeable to the Prosecution. It is uncontested that the Prosecution is charged eighty-three days from Defendant's arraignment on January 30, 2024, until the SOR's filing on April 29, 2024. The speedy trial clock stopped when the SOR was filed in good faith, despite the inaccurate CPL §30.30(5-a) certification. When the Prosecution was notified of the defect in their SSI on June 11, 2024, the speedy trial clock restarted, stopping when Defendant filed the instant motion on July 8, 2024. This period added an additional twenty-seven days. In [*3]total, one hundred and ten days of includable time have elapsed.

 CONCLUSION
Because the Prosecution has exceeded their ninety-day speedy trial limitation, Defendant's motion to dismiss is granted (CPL §30.30[1][b]). This constitutes the decision and order of the Court.
Dated: September 13, 2024
Hon. Joshua Glick, JCC