People v W.K. (2025 NY Slip Op 25219)

[*1]

People v W.K.

2025 NY Slip Op 25219

Decided on September 19, 2025

County Court, Wayne County

Williams, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 19, 2025
County Court, Wayne County

The People of the State of New York

against
W.K., Defendant-Appellant.

Docket No. CVxxxxxx

Arthur B. Williams, J.

The Defendant W.K. appeals from a judgment of the Lyons Town Court rendered on October 3, 2023, following his plea of guilty to Criminal Possession of a Controlled Substance in the Seventh Degree (later referred to as "CPCS 7th") in violation of New York State Penal Law §220.03. In sum and substance, the chronology of events leading up to the Defendant's guilty plea are as follows:
1. December 1, 2022, Defendant arrested for CPCS 7th and given an appearance ticket to appear in Lyons Town Court on December 19, 2022.
2. December 19, 2022, Defendant failed to appear, case was adjourned to January 3, 2023.
3. January 3, 2023, Defendant failed to appear, and Court issues an arrest warrant to secure the Defendant's appearance in Court.
4. February 24, 2023, People provide discovery package, Certificate of Compliance (COC) and Statement of Readiness (SOR) to Public Defender. Public Defender refuses documents indicating that they had not been assigned to represent Defendant.
5. April 4, 2023, Defendant arrested on Warrant and arraigned at CAP Court with Public Defender. Matter adjourned to April 18, 2023.
6. April 17, 2023, People provided counsel with discovery package, COC and SOR.
7. April 18, 2023, case adjourned to May 16, 2023.
8. May 12, 2023, People provide Counsel with lab report dated February 23, 2023, confirming heroin. People also provide new COC and SOR.
9. May 16, 2023, case adjourned to June 20, 2023, for motions.
10. June 20, 2023, case adjourned to June 26, 2023
11. June 26, 2023, defense files omnibus motion seeking to strike COC and dismissal on CPL 30.30 grounds. Case adjourned to July 11, 2023.
12. July 11, 2023, Defendant failed to appear. Case adjourned to August 8, 2023.
13. August 8, 2023, People file Superseding Information charging same crime, case [*2]adjourned to September 12, 2023, over Defense Counsel's objection.
14. August 25, 2023, People file response to Defendant's omnibus motion.
15. September 12, 2023, motions argued, decision reserved.
16. September 22, 2023, Court renders Decision denying Defense Counsel's motion.
17. October 3, 2023, Defendant pleads guilty to CPCS 7th.
The Defendant argues that the original charging document was facially defective to which the People concede. Defense counsel further asserts that because the original charging document was defective that the subsequent SOR's were illusory and invalid. The Defendant concludes with the argument that the People could therefore not make a valid statement of readiness withing the 90-day time limitation imposed by CPL §30.30. The People contend that the defective charging document was remedied and that the People complied with discovery and filed a timely SOR. The initial question to be answered is, when was this action commenced.
CPL §30.30(1)(b) dictates that the People must declare trail readiness within 90 days after the commencement of criminal matter charging a misdemeanor. The purpose of CPL §30.30 is to guarantee prompt resolution of criminal charges by addressing prosecutorial readiness for trial. People v Anderson, 66 NY2d 529, 498 N.Y.S. 2d 119, 488 N.E. 2d 1231 (1985). Commencement of a criminal misdemeanor case normally occurs upon the filing of the initial accusatory instrument with the local criminal court. CPL §1.20(17); People v Osgood, 52 NY2d 37, 436 N.Y.S 213, 417 N.E.2d 507 (1980). There exists however a plethora of exceptions to that general rule. 
In this case Defense Counsel argues that the CPL §30.30 clock commenced on January 5, 2023, when the local court issued an arrest warrant for the Defendant who failed to appear on the previously issued Appearance ticket charging him with the misdemeanor of CPCS 7th. The People posit that the action did not commence until the Defendant was returned on the arrest warrant.
When calculating the running time for the statutory speedy trial clock, the starting time is the date the action is commenced. CPL §1.20(17); People v Osgood, 52 NY2d 37, 436 N.Y.S. 213, 417 N.E. 2d 507 (1980). The end time is the date upon which the People announce their readiness for trial. In this case the Defendant is charged with a misdemeanor which requires the People to be ready for trial within ninety days of the commencement of the criminal action. CPL §30.30(1)(b).
CPL §30.30 (7)(c) sets forth one of the many exceptions to when a criminal matter is commenced. This exception states that where an appearance ticket has been issued (as in this case), the criminal action commences with the Defendant's first appearance, not with the filing of the accusatory instrument. The People contend that the action commenced when the Defendant appeared in response to the arrest warrant.
CPL §1.20 (28) defines a "warrant of arrest" to be "process of a local criminal court ... directing a police officer to arrest a defendant and to bring him before such court for the purpose of arraignment upon an accusatory instrument filed, therewith by which a criminal action against him is commenced." One of the characteristics of an arrest warrant is that it is issued after an accusatory instrument is filed. As the record was silent as to the date the accusatory instrument was filed the issuance of the arrest warrant on January 5, 2023, presupposes the issuance of the accusatory instrument with the local court. See, People v Miller, 9 Misc 3d 532 (Kings County 2005). By contrast, an appearance ticket as defined in CPL §1.20(26) is a "written notice issued by a public servant . . . requiring a person to appear before a local criminal court in connection [*3]with an accusatory instrument to be filed against him."
This distinction becomes critical in making the distinction between the appearance ticket" exception to when an action is commenced. Pursuant to CPL §30.30(7)'s plain language, the appearance ticket exception applies only when the defendant appears in "response to an appearance ticket." It is thus the Court's opinion that when a defendant has been taken into custody on an arrest warrant because he has failed to appear on an appearance ticket, and the defendant has appeared pursuant to the arrest warrant, the appearance ticket exception does not apply. Accordingly, the speedy trial clock commenced on January 5, 2023.
The Court will now address the effect of the Defendant's absence between the issuance of the arrest warrant and his return to court on that warrant. The People contend that the speedy trial clock was tolled during the Defendant's absence. The Defendant's absence pursuant to CPL §30.30(4)(c)(i) is not, however by itself sufficient to create an exemption for the People. In order to stop the speedy trial clock during the Defendant's absence, the People are required to demonstrate due diligence in an effort to locate the Defendant or show that the Defendant is specifically avoiding court. See, People v Torres, 88 NY2d 928, 626 N.Y.S. 2d 790, 669 N.E. 2d 1112 (1996). The record in this case makes note of the Defendant's appearance in Sodus Town Court on unrelated charges on December 22, 2022, January 11, 2023, and February 8, 2023, all three of which were during the time the arrest warrant for the charge in Lyons Town Court was outstanding. Nothing was offered by the People as to the People's due diligence in locating the Defendant. See, People v Anderson, 188 AD3d 1699 (4th Dept. 2020). Accordingly, the Court finds that the time between the issuance of the arrest warrant and the defendant's return on that warrant is chargeable to the People.
Turning now to the People's readiness the Court must first address the argument surrounding the admitted facially insufficient accusatory instrument and the remedied accusatory instrument. Pursuant to CPL §30.30(5-a) the People will not be considered ready for trial unless the prosecution has certified that "all counts of the accusatory instrument meet the requirements of section 100.15 and 100.40 of this chapter ..." In short, the prosecution cannot be ready for trial on an insufficient accusatory instrument. As noted, supra, The People remedied the defective accusatory instrument on May 12, 2023, when they included the lab report confirming the presence of heroin. It was at that time the People could then provide a valid COC and SOR.
Therefore, pursuant to the above analysis, the People are chargeable with 127 days, well in excess of the 90-day readiness requirement under CPL §30.30(1)(b). The Defendant's conviction for Criminal Possession of a Controlled Substance in the seventh Degree in violation of PL §220.03 is hereby reversed and the charges dismissed.
The foregoing constitutes the opinion, decision and order of the Court.
ENTERED:
Dated: September 19, 2025
Lyons, New York
Hon. Arthur B. Williams
County Court Judge