■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GIBSON, Appellant.—Main, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 1, 1983, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged with selling cocaine to a police informant and to a police investigator on December 18, 1982 at a motel in the Town of Colonie, Albany County. Following a jury trial, defendant was convicted of two counts of criminal sale of a controlled substance in the third degree.

Defendant asserts upon this appeal that he was denied his statutory right to a speedy trial *(see,* CPL 30.30). Under CPL 30.30, "there must be a communication of readiness by the People which appears on the trial court's record" *(People v Kendzia,* 64 NY2d 331, 337). This requirement is satisfied where the People either (1) make a statement of readiness in open court which is transcribed by a stenographer or recorded by the court clerk, or (2) send to both defense counsel and the court clerk a written notice of readiness to be placed in the original record *(id.)* If the People's statement of readiness is one made in open court without defense counsel present, the People are under an obligation to promptly notify him of such statement of readiness *(id.).*

Here, County Court denied defendant's motion pursuant to CPL 30.30 based upon the People's representation to the trial court that statements of readiness had indeed been made at several calendar calls, all during the statutory six-month period *(see,* CPL 30.30 [1] [a]), at which defense counsel was not present. The record presently before us, however, fails to verify such a representation or otherwise demonstrate that the mandates of the statute, as outlined in *People v Kendzia (supra),* have been met. As a result, we feel it appropriate to remit the matter to County Court for further proceedings to determine whether the People adequately communicated their statement of readiness for purposes of CPL 30.30.

Decision withheld, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Kane, J. P., Main, Casey, Mikoll and Yesawich, JJ., concur.