OPINION OF THE COURT
Arthur J. Cooperman, J.
Defendant moves to dismiss the indictment herein on the ground that he was denied an opportunity to appear and testify before the Grand Jury in accordance with CPL 190.50 and 210.35 and in contravention of his constitutional rights to due process and effective assistance of counsel.
FINDINGS OF FACT
On July 24, 1986, defendant was arraigned in Part AR3 of the Criminal Court, Queens County, and charged with committing the crimes of grand larceny in the second degree, *1032 criminal possession of stolen property in the first degree, unauthorized use of a vehicle and possession of burglar’s tools.
At that time, defendant was represented by the Legal Aid Society. In this regard, the court file carries the following notation: "The defendant upon appearing for arraignment: was assigned Legal Aid Society counsel for arraignment only”. Further, the file is stamped "defendant to retain attorney”.
The Legal Aid attorney entered a plea of not guilty on behalf of defendant and served notice upon the District Attorney that defendant wished to exercise his right to testify before the Grand Jury with respect to the pending felony charges against him. Upon said notice were the following handwritten initials — "LAAO-TROC”.
Annexed to the People’s response is a copy of the notice sent to the Legal Aid Society on July 25, 1986, directing that it notify its client of the People’s intention to present the case to the Grand Jury on August 5, 1986.
An indictment was voted on August 5, 1986 and the case was transferred to the Supreme Court. Defendant did not testify before the Grand Jury and apparently was never informed of the notice received by the Legal Aid Society. He now argues, through private counsel, that the People’s notice to the Legal Aid Society was in fact a nullity since it had no obligation to defendant after the arraignment and was no longer acting in defendant’s behalf subsequent to that time.
CONCLUSIONS of law
Upon service on the District Attorney of a proper notice requesting an opportunity to testify before the Grand Jury, the District Attorney must "subsequently serve upon the applicant, at the address specified by him, a notice that he will be heard by the grand jury at a given time and place” (CPL 190.50 [5] [bp.
Further, he is under a duty to act in good faith when dealing with a defendant’s right to appear and testify before a Grand Jury. The People must give actual notice of the Grand Jury proceeding (People v Martinez, 111 Misc 2d 67).
Under all the circumstances of this case the notice sent by the People, who were aware of the limitation attached to the notice of appearance filed by the Legal Aid Society, did not provide the actual notice to the defendant prescribed by statute.
*1033 Accordingly, defendant’s motion to dismiss the indictment is granted with leave to the District Attorney to resubmit the charges to the same or another Grand Jury if so advised.
The court finds that the foregoing practice of the District Attorney’s office of sending a CPL 190.50 notice to the Legal Aid Society whose attorney appears for purposes of "arraignment only” is as detrimental to the rights of a defendant as the Legal Aid Society’s apparent disregard of the receipt of such notice because of its "limited” representation.
When it appears that a Legal Aid attorney stands up for a defendant at the time of arraignment for that purpose only, subsequent service of the CPL 190.50 notice is defective unless it is sent to both the Legal Aid Society and the defendant himself.
On the other hand, the Legal Aid Society attorney may not ignore a properly served notice. At a minimum it would seem that an attorney is obligated to keep a defendant apprised of his rights under these circumstances until such time as new counsel is retained or assigned (Code of Professional Responsibility, DR 2-110 [A] [2]).