(January 29, 1987)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GIBSON, Appellant.—Main, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 1, 1983, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

This matter previously was before this court (122 AD2d 430). At that time, we withheld decision and remitted the matter to County Court for a hearing to determine whether

the People adequately communicated their statement of readiness for the purposes of CPL 30.30. That hearing has now been completed, and County Court again determined that the People did adequately communicate their statement of readiness. Accordingly, this matter is again presented for our review.

As we previously noted, the requirement of a communication of readiness is satisfied where the People either (1) make a statement of readiness in open court which is transcribed by a stenographer or recorded by the court clerk, or (2) send to both defense counsel and the court clerk a written notice of readiness to be placed in the original record *(People v Kendzia,* 64 NY2d 331, 337). In the event the first method is used and defense counsel is not present, the People must promptly notify him of the statement of readiness *(supra)*. We are satisfied that the People did make a statement of readiness which was transcribed by a stenographer. The People presented the testimony of several court stenographers to the effect that they had been responsible for taking the stenographic minutes of calendar calls in County Court and that, according to these stenographic minutes, the People made several statements of readiness in open court in this case during the period in question, April 1983 to October 1983.

It is unclear, however, whether defense counsel in fact was present at the time these statements of readiness were made. While defense counsel admitted that he was present at at least some of the calendar calls during the period in question, he also stated that, to the best of his recollection, he never heard the case called, and stenographic minutes of the calendar calls do not reveal that defense counsel made any response at the time this case was called. Nevertheless, we believe that the People adequately notified defense counsel that the statement of readiness was made in open court, so that even if defense counsel was not present, the People's statement in open court did serve as a proper statement of readiness. The mandate of *People v Kendzia (supra)*, with respect to prompt notification to defense counsel that a statement of readiness was made in open court, does not require that the notification take any particular form. The record establishes that, prior to the calendar calls, defense counsel was notified that this case would be called at the calendar call. The record further establishes that defense counsel discussed this case with the Assistant District Attorney who tried the case, and the sum and substance of those conversations shows that defense counsel was aware of the People's readi-

ness. Although it might be said that the People could have used more efficient means to ensure that statements of readiness are properly made within the terms of *Kendzia,* under the circumstances of this case, we find those requirements to have been met here. Accordingly, we reject defendant's claim that he was denied his statutory right to a speedy trial under CPL 30.30.

Finally, we find defendant's remaining contentions, namely, that the People improperly introduced evidence of uncharged crimes and that defendant was denied effective assistance of counsel, to be without merit.

Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.