■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CORNELL WILLIAMS, Respondent.—Order unanimously reversed on the law, indictment reinstated and matter remitted to Supreme Court for further proceedings on the indictment. Memorandum: The order dismissing the indictment on the ground that defendant was denied a speedy trial pursuant to CPL 30.30 must be reversed and the indictment reinstated.

On August 27, 1988, the Buffalo police executed a search warrant at 1249 Michigan Avenue, the alleged apartment of defendant, and seized, among other items, 16 one-ounce bags of cocaine. A felony complaint was filed in Buffalo City Court the same day. Defendant was arraigned on this felony complaint on August 28, 1988. Herbert Greenman, Esq. appeared on behalf of defendant at a scheduled proceeding on September 2, 1988, and several dates thereafter. At the People's request, on October 26, 1988, the felony complaint was dismissed and the matter was presented to the Grand Jury. On this occasion, Mr. Greenman asked that "prior to this matter being presented to the Grand Jury, that the District Attorney notify us and give us a reasonable opportunity to appear and testify before the Grand Jury".

On February 22, 1989, an Assistant District Attorney appeared in Erie County Court and informed the court that defendant had been indicted. The prosecutor also stated that the People were ready for trial. By letter dated February 24, 1989, the prosecutor informed defendant of the indictment and directed him to appear on March 6, 1989 for arraignment on the indictment. This letter stated that the People were ready for trial. A copy of this letter was mailed to attorney Herbert Greenman. Defendant failed to appear for the scheduled arraignment on the indictment. Attorney Greenman appeared, requested a brief adjournment and stated "[w]hat I've asked is that this matter be held say until Friday [March 10, 1989] and I'm sure that I can reach them and have them come in. In terms of my representation, Judge, I don't know that I will represent them any further as of Friday but I'm sure I can get them into the Court by Friday." The court adjourned the matter to March 10, 1989. On that date, defendant again failed to appear. However, an attorney from Mr. Greenman's office, Fern Adelstein, appeared and told the court that on March 8, 1989 a letter was sent to defendant

advising him to appear for arraignment on March 10, 1989. The case was adjourned to March 13, 1989. On March 13, 1989, neither defendant, Mr. Greenman nor Ms. Adelstein appeared for the adjourned arraignment. The court, at the People's request, ordered a bench warrant. Defendant was arrested on the bench warrant on May 29 or 30, 1989. He appeared before County Court on May 31, 1989. Defendant told the court that Herbert Greenman, Esq. was his attorney. The court advised defendant that Mr. Greenman was unable to represent him because of a conflict of interest and the case was adjourned to enable defendant to secure substitute counsel. Defendant appeared for the arraignment, on June 5, 1989, with his present attorney. At each of the above appearances, the People announced their readiness for trial on the record. Defendant moved to dismiss the indictment on the ground that he was denied a speedy trial pursuant to CPL 30.30. Supreme Court, after a hearing before a Judicial Hearing Officer (JHO) and based upon the JHO's recommendation, granted his motion. The JHO rejected the People's contention that the announcement of readiness for trial on the record on February 22, 1989 tolled the time limitations of CPL 30.30. The JHO apparently found that, notwithstanding the appearances made either by Mr. Greenman or an attorney from his office, on March 6 and March 10, 1989, Mr. Greenman was not acting as defendant's attorney and that Mr. Greenman's unqualified representation ceased when the felony complaint was dismissed on October 26, 1988. Thus, the JHO implicitly concluded that, since defendant was not represented by an attorney in the period between February 22, 1989, the date that the indictment was reported, and June 5, 1989, when defendant's present attorney appeared, the People were unable to announce their readiness for trial effectively. Additionally, the JHO concluded that the police did not exercise due diligence in their efforts to apprehend defendant after the bench warrant was issued. We disagree in part.

We find that Herbert Greenman, Esq. continued to represent defendant subsequent to the dismissal of the felony complaint and until at least March 10, 1989. The record reflects that attorney Greenman appeared on defendant's behalf on March 6, 1989 and an attorney from his office appeared on March 10, 1989. Neither attorney informed the court that Mr. Greenman's representation of defendant had terminated. Consequently, even though neither defendant nor his attorney was present, the prosecutor's statement of readiness in open court on February 22, 1989, followed by prompt

notification to defense counsel regarding the People's readiness for trial, satisfied the requirements set forth in *People v Kendzia* (64 NY2d 331, 337, n; *People v Gibson,* 126 AD2d 894, 895, *lv denied* 69 NY2d 1004). Accordingly, "once the District Attorney had effectively announced his readiness for trial the operational effect of CPL 30.30 was exhausted" *(People v Brothers,* 50 NY2d 413, 417).

In view of our determination, we do not reach the People's contention that the 78 days from the issuance of the arrest warrant on March 13, 1989 until defendant's court appearance on May 31, 1989 should not be chargeable to them because the police used due diligence in their attempts to locate defendant. (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—dismiss indictment.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.