■ LEONARD BERGMAN et al., Respondents-Appellants, v IRWIN K. FINGERIT et al., Appellants-Respondents.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered April 12, 1991, which, *inter alia,* denied plaintiffs' and defendants' respective motions for summary

judgment and defendants' cross-motion for an order dismissing the complaint based upon plaintiffs' noncompliance with prior court orders, unanimously modified, on the law and the facts, to grant defendants summary judgment dismissing the complaint, and otherwise affirmed, without costs.

This action, for legal malpractice, commenced on or about July 24, 1986, and based on defendants' alleged failure to advise plaintiffs that their purchase and acquisition of certain real estate and mortgage instruments could subject them to an adversary proceeding in bankruptcy to set aside the conveyances as fraudulent, should have been dismissed as barred by the three-year Statute of Limitations set forth in CPLR 214 (6).

It is undisputed that following the real estate closing and mortgage acquisitions in January and April of 1980, defendants ceased to represent plaintiffs' interests. No retainer agreement or contract for legal services was entered into between the parties for work performed in connection with the real estate transactions as would have tolled the Statute of Limitations based upon the continuous representation doctrine *(see, Glamm v Allen,* 57 NY2d 87, 93).

Likewise, we find that IAS erred in denying defendants' cross-motions for summary judgment dismissing the complaint based upon plaintiffs' non-compliance with conditional orders of dismissal, dated March 29, 1990 and October 24, 1990. Although, as IAS correctly noted, dismissal for failure to obey an order of disclosure is a harsh penalty *(Bassett v Bando Sangsa Co.,* 103 AD2d 728), nevertheless, this Court has often granted that relief where, as here, the plaintiffs have failed to obey prior court orders without sufficient excuse *(Orabi v George Hildebrandt, Inc.,* 157 AD2d 506).

Finally, based upon the foregoing, we find that IAS properly denied plaintiffs' motion for summary judgment as to defendants' liability for legal malpractice premised upon transcripts in a prior Federal bankruptcy action relating to the real estate transactions. Concur—Murphy, P. J., Rosenberger, Ellerin and Asch, JJ.