■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY T. FELDER, Appellant.—Judgment unanimously affirmed. Memorandum: After the People announced readiness for trial, defendant moved to dismiss the indictment for insufficiency of the evidence before the Grand Jury. The court determined that it would inspect the Grand Jury minutes and requested that the Grand Jury stenographer provide a transcript of the minutes. The minutes were not provided to the court until more than six months thereafter.

During the time that the People failed to provide the court with a transcript of the Grand Jury minutes, they could not be considered to be ready for trial (see, People v McKenna, 76 NY2d 59). Defendant contends that, because the period of unreadiness exceeded six months, the court should have granted his motion to dismiss pursuant to CPL 30.30. "In computing the time within which the people must be ready for trial", however, there must be excluded "the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel" (CPL 30.30 [4] [b]). Here, there were adjournments granted by the court at the request of or with the consent of defense counsel. On December 27, 1988, defense counsel requested a pretrial conference and the case was adjourned to January 13, 1989, for that purpose. On January 13, 1989, the case was adjourned at defense counsel's request so that defendant could consider a plea offer. On January 17, 1989, although defense counsel stated that defendant had rejected the offer, defendant stated, after a colloquy with the court, that he was not going to act upon the offer at that time. At defendant's request, the court adjourned the case for a report on the offer pending further order of the court. On May 24, 1989, the court called the case for a report on defendant's answer to the plea offer. At the request of defense counsel, the court adjourned the case to June 5, 1989, for a report. On June 5, at defense counsel's request, the court adjourned the case to June 19, 1989. On June 19, defendant rejected the plea offer and requested that the case be placed on the calendar for trial. Excluding the period of delay resulting from these adjournments at defendant's request, the total period of pre-

readiness and postreadiness delay did not exceed six months. Thus, defendant was not entitled to a dismissal pursuant to CPL 30.30.

We reject defendant's contention that he was deprived of his constitutional right to a speedy trial. At the time the motion was made, only 10 months had elapsed since the case was commenced and defendant was arrested, and there was no showing that defendant was prejudiced by the delay *(see, People v Taranovich,* 37 NY2d 442, 445). By his failure at any later date to make a motion to dismiss on speedy trial grounds, defendant waived his right to a dismissal based on any further delay after the date of the motion *(see, People v White,* 2 NY2d 220, 223-224, *cert denied* 353 US 969). Moreover, the record is insufficient to permit a determination of that contention.

Finally, we conclude that the verdict is not against the weight of the evidence and that the sentence is not harsh and excessive. (Appeal from Judgment of Oneida County Court, Buckley, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.