■ GARY E. MILLER, Plaintiff, v ANNE F. MILLER, Respondent, and STANLEY MESSINGER, Nonparty Appellant. [610 NYS2d 88] —In a matrimonial action in which the parties were divorced by a judgment dated August 27, 1984, Stanley Messinger appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered October 22, 1993, which, *inter alia,* directed him to represent the defendant in a proceeding to modify the judgment of divorce.

Ordered that the order is reversed, on the law, without costs or disbursements, the appellant is relieved as counsel for the defendant, and no further proceedings shall be taken against the defendant without leave of court, until 30 days after the service upon her personally of a copy of this decision and order, which shall constitute notice to appoint another attorney under CPLR 321 (c).

Pursuant to a retainer agreement, the appellant Stanley Messinger represented the defendant Anne Miller in a Family Court proceeding to modify certain custody and visitation provisions of her judgment of divorce and to collect certain arrears. The Family Court matter concluded in June 1993 when the Hearing Examiner issued an order and the defendant declined to file any objections to it. Two months later,

the plaintiff sought further modification in the Supreme Court. Without any motion by the parties, the Supreme Court directed that Messinger represent Anne Miller in this action, and that the issue of fees be submitted to arbitration at the conclusion of the action. We reverse.

The retainer agreement executed by the parties did not contemplate an attorney-client relationship into perpetuity *(see, Muller v Sturman,* 79 AD2d 482) but only that Messinger would provide certain and specified legal services to obtain the relief sought by Anne Miller. When the Family Court matter concluded, so did the attorney-client relationship *(see, Hirsch v Weisman,* 189 AD2d 643; *Bergman v Fingerit,* 177 AD2d 448). Moreover, Anne Miller did not dispute that she decided not to retain Messinger to oppose the plaintiff's motion for further modification in the Supreme Court. Consequently, he had no obligation to represent her. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.