■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v YUNIOR URRAEA, Respondent. [625 NYS2d 163] —Order, Supreme Court, Bronx County (John E. H. Stackhouse, J.), entered January 28, 1994, which granted defendant's motion to dismiss the indictment based upon the People's alleged failure to comply with the speedy trial statute, unanimously reversed, on the law and the facts, the indictment is reinstated, and the matter remanded for trial.

The felony complaint in this criminal action, charging narcotics and weapon possession offenses, was filed on March 21, 1991. The People had six months from that date (CPL 30.30 [1] [a]), less any properly excludable periods under the statute, to be ready for trial. Defendant filed his motion to dismiss the indictment on March 16, 1993, alleging the passage of "at least 219 days" chargeable to the People.

Criminal Term erroneously concluded that 199 of those days were chargeable to the People, and that they had therefore violated their statutory obligation to be ready for trial within six months. After careful examination of the record, we find that no more than 104 of those days are properly chargeable to the prosecution.

The major source of error in the motion court's calculation arose from a misapplication of our decision in *People ex rel. Sykes (Rodriguez) v Mitchell* (184 AD2d 466). There we addressed the problem commonly arising on the call of virtually every criminal court calendar, when the People request a particular adjourned date, but the earliest date open to the court is some time thereafter. In *Sykes* we announced the rule that if the People's request is made *prior* to their statement of readiness, the entire period is chargeable to the People, but *post* readiness, the opposite rule applies and the People are chargeable with only the actual period they requested. Here, where the People first announced their readiness for trial on May 30, 1991, the motion court should have applied the second half of the *Sykes* rule to five of the contested, post-readiness adjournment periods. As the following table reveals, this resulted in an overcharge to the People of 80 days:

| Adjournment Period | People's Request | Court Response | Erroneous Overcharge |
|---|---|---|---|
| June 30 – July 22, 1992 | 7 | 22 | 15 |
| Oct. 28 – Nov. 23, 1992 | 2 | 26 | 24 |
| Nov. 23 – Dec. 16, 1992 | 1 | 22* | 21 |
| Feb. 4-10, 1993 | 1 | 6 | 5 |
| Feb. 10-26, 1993 | 1 | 16 | 15 |

A different sort of error occurred with respect to the pre-readiness period and the 15-day charge to the People from March 26 to April 10, 1991. The record reveals that this delay was at defendant's request, to consider a plea offer; accordingly, he is chargeable with that interval (*People v Ali*, 195 AD2d 368, 369, *lv denied* 82 NY2d 804). Concur—Wallach, J. P., Rubin, Kupferman and Tom, JJ.

---

*Arithmetic error; correct calculation should have been 23.