OPINION OF THE COURT
David B. Vaughan, J.
Defendant moves to dismiss the instant indictment on the *408 ground that his statutory right to a speedy trial has been violated (CPL 30.30 [1] [a]; 210.20 [1] [g]).
In deciding this motion, the court has considered defendant’s motion, the People’s affirmation in opposition, the stipulation of facts entered on July 8, 1996, the court file and minutes dated March 19, March 26, May 13, May 29, and June 11,1996.
On October 15, 1995, defendant was arraigned on the felony complaint filed with the court on that day and the casé was adjourned to October 25, 1995. The criminal action commenced with the filing of the felony complaint (People v Osgood, 52 NY2d 37, 43). The 6-month limitation consists of 182 days from that date.
On October 30, 1995, the defendant was released pursuant to CPL 180.80 and the case was adjourned to November 15, 1995. On November 15, 1995, thé felony complaint was dismissed.
On February 28, 1996, the People filed the instant indictment. The 126 days from October 25, 1995 to February 28, 1996 are charged to the People (People v Delgado, 209 AD2d 218, 219; see also, People v Osgood, supra, 52 NY2d, at 43-45).
On February 29, 1996, the People filed a statement of readiness with the court and allege that they served a copy of the statement of readiness on Joseph Miller, of the Legal Aid Society, defendant’s attorney of record in Criminal Court. Although Joseph Miller does not recall receiving the notice, absent a denial of receipt, this court finds that he, in fact, received the notice. Joseph Miller made no court appearances on defendant’s behalf following the dismissal of the felony complaint. Current counsel was assigned at defendant’s arraignment on the indictment on March 19, 1996.
The People may communicate their readiness by making a statement of readiness "in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record” (People v Kendzia, 64 NY2d 331, 337; People v Sutton, 199 AD2d 878, 879; People v Gibson, 126 AD2d 894, 895).
An issue in this case is whether service of the notice of readiness upon Criminal Court counsel was sufficient in light of the dismissal of the felony complaint.
In civil cases, in the absence of a retainer agreement to the contrary, an attorney-client relationship ends at the conclusion of the proceeding (see, Miller v Miller, 203 AD2d 338, 339; *409 Bergman v Fingerit, 177 AD2d 448, 449). The relevant court rules for all of the departments of the Appellate Division provide that a criminal defense attorney’s duty of representation in a trial court[1] ends upon the termination of the action ("determination” of the action in the Second Department) (see, Rules of App Div, 1st Dept [22 NYCRR] § 606.5 [a] [1]; Rules of App Div, 2d Dept [22 NYCRR] § 671.2 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 821.1 [a]; Rules of App Div, 4th Dept [22 NYCRR] § 1022.11 [a]). These rules, however, do not define what constitutes a termination or determination of an action or explain whether the dismissal of a felony complaint is a disposition that ends the duty of representation.
In People v Osgood (supra, 52 NY2d, at 43-46), the Court found that where an indictment is directly derived from a felony complaint, it is the felony complaint that commences the criminal action rather than the indictment. One key to the Court’s conclusion was its finding that as long as the People are free to obtain an indictment, the dismissal of a felony complaint is not a final disposition and thus does not terminate a criminal action (supra, at 44-45). In dicta, the Court suggested that another reason for its conclusion was to protect a defendant’s right to counsel. The Court noted that if the dismissal of a felony complaint ended a criminal action, defendant’s right to counsel, which attached upon the filing of the felony complaint, would "arguably disattach once the felony complaint is dismissed or withdrawn by the police” (People v Osgood, supra, at 45, n 2).
If an attorney-client relationship continues during the entirety of a criminal action as defined by Osgood (supra), the dismissal of a felony complaint does not end the attorney-client relationship since such a dismissal does not terminate the action.
The attorney notice provisions of CPL 210.10 are also consistent with the view that the attorney-client relationship does not end upon a felony complaint dismissal. These provisions provide that in any case commenced by the filing of a felony complaint, upon the filing of an indictment, the court must give notice of the time and place of defendant’s arraignment to counsel who appeared in local Criminal Court (compare, CPL 210.10 [1], [2], with CPL 210.10 [3]). These provisions do not *410 excuse the notice requirement where the felony complaint has been dismissed. Providing for continued representation of a defendant by counsel familiar with the case would appear to be the purpose of the notice (see, People v Ramos, 85 NY2d 678, 685).
In contrast, a line of cases dealing with the parameters of the derivative right to counsel established in People v Rogers (48 NY2d 167) suggests that the attorney-client relationship ends with the dismissal of a felony complaint (see, People v Robles, 72 NY2d 689, 698; People v Mann, 60 NY2d 792, 794; People v Bridges, 226 AD2d 471; People v Wilson, 219 AD2d 164, 173 [Pizzuto, J., dissenting], lv granted 88 NY2d 944). Such a conclusion is also supported by the practical consequences of extending the attorney-client relationship after the dismissal of a felony complaint. If the attorney-client relationship does not end upon a dismissal of a felony complaint until there is some jurisdictional bar to obtaining an indictment, counsel could be faced with a lengthy, and in some cases, indefinite duty of representation in cases in which the People may never seek an indictment.
Despite these concerns related to an indefinite duty of representation, this court finds that policy reasons support a finding that representation continues after the dismissal of the felony complaint, as suggested in Osgood (supra). The main policy concern is that a defendant receive continued representation by an attorney familiar with defendant and the facts of the case. Counsel is on notice that the People have the right to obtain an indictment after the dismissal of a felony complaint (People v Hodge, 53 NY2d 313, 317; People v Dillon, 197 NY 254, 257). As long as the indictment is filed within a reasonable time after the dismissal, the continuation of the attorney-client relationship should not constitute an undue burden on counsel. If it does, the court can assign new counsel at the arraignment on the indictment.
Even if competing policy concerns require that the dismissal of the felony complaint end the attorney-client relationship (see, People v Robles, supra, 72 NY2d, at 698), once an indictment is obtained, counsel who represented defendant on the felony complaint is the person on whom a readiness notice should be served. Because such counsel is familiar with defendant and the case, he or she should be reassigned to the ca$e. Moreover, requiring service of the notice directly on the defendant would not necessarily protect a defendant’s interests since, unlike counsel, a defendant is not likely to appreciate *411 the legal significance of such a notice (see, People v Ramos, supra, 85 NY2d, at 685-686). Even if some reason prevents the assignment of prior counsel on the felony complaint, such counsel can always forward any notice to new counsel. Such a duty is not unduly burdensome. In addition, counsel already has an ethical duty to forward notices relating to a former client to the client (see, People v Jordan, 153 AD2d 263, 265, n, 268-269).
Placing a burden on the People of serving notice directly on the defendant or delaying their declaration of readiness until after new counsel is assigned would unduly hinder their ability to declare ready in cases where defendants cannot be located, or result in time being charged to the People when the court is responsible for the delay (see, People v Goss, 87 NY2d 792, 796). Such burdens would run contrary to the purpose of the CPL 30.30 readiness rule, which is to obtain prosecutorial readiness rather than to insure a speedy trial (see, People v Anderson, 66 NY2d 529, 535; see also, People v Cephas, 207 AD2d 903, 904).
The People’s service of their readiness notice on Criminal Court counsel fulfilled their obligation of promptly notifying defense counsel of their readiness[2] (see, People v Gibson, supra, 126 AD2d, at 895-896; People v Mitchell, 158 Misc 2d 768, 774-775). Since defendant has raised no issue relating to the People’s actual readiness on the date the notice was filed, the court finds the statement valid (see, People v McEwen, 212 AD2d 1001, 1002; People v Tavarez, 147 AD2d 355, 356).
The People are charged with the one day from February 28, 1996, the day the indictment was filed, until February 29, 1996, the day the statement of readiness was filed (People v Correa, 77 NY2d 930, 931).
Arraigning a defendant is a court responsibility. Once the People are ready, the time between the filing of the readiness statement and the arraignment is not charged (People v Goss, supra, 87 NY2d, at 797-798). The time from the filing of the statement of readiness on February 29, 1996 to defendant’s arraignment on March 19, 1996 is excluded.
At the arraignment on March 19, 1996, the court adjourned the case to another court part and set March 26, 1996 as the next court date. As a postreadiness court adjournment, the *412 delay is excluded (People v Goss, supra, 87 NY2d, at 798; People v Tavarez, supra, 147 AD2d, at 356).
On March 26, 1996, the defendant consented to an adjournment to May 13, 1996. In addition, the court ordered Sandoval and Huntley hearings and granted defendant’s request to inspect the Grand Jury minutes. Even if defendant had not consented to the adjournment, the period from March 26 to May 13, 1996 is excludable as a reasonable time to comply with court orders (see, People v Harris, 82 NY2d 409, 414; People v Celestino, 201 AD2d 91, 95; People v Green, 90 AD2d 705, 706).
As of May 13, 1996, the People still had not provided the court with the Grand Jury minutes. However, the adjournment to May 29, 1996, is excluded because of defendant’s consent (see, People v Felder, 182 AD2d 1065; see also, People v Taylor, 217 AD2d 404, 404-405).
The People again failed to provide the Grand Jury minutes on May 29, 1996 and provided no excuse for their failure. The People stated that they could get the Grand Jury minutes to the court by May 31, 1996. The defendant was unavailable that day. June 11, 1996 was set as the adjourn date. On June 11, 1996, the court stated that it had reviewed the Grand Jury minutes and denied defendant’s motion to inspect and dismiss. Since there is no evidence that People did not in fact turn the minutes over by May 31, 1996, this court finds that they were turned over on that date.
The two days from May 29 to May 31, 1996 are charged to the People because their unexcused failure to turn over the minutes rendered them unready to proceed (People v Harris, supra, 82 NY2d, at 412-414; People v McKenna, 76 NY2d 59, 64-65). Once the People turned over the minutes, they were ready to proceed.
The postready time from May 31, 1996 to June 11, 1996 is excluded because this time is beyond the time requested by the People (People v Urraea, 214 AD2d 378; cf., People v Smith, 82 NY2d 676, 678; People v Betancourt, 217 AD2d 462, 464). This time also excluded as time to decide the Grand Jury motion (CPL 30.30 [4] [a]).
The time from June 11, 1996 to July 2, 1996 is excluded because defendant consented to the adjournment.
On June 24, 1996, the defendant served the instant motion on the People. On the next court date, July 2, 1996, the court adjourned the case to July 8, 1996 in order to allow the People *413 to answer the defense motion. This period is excluded as a reasonable time to answer the motion (see, People v Owens, 209 AD2d 549, 550; People v Commack, 194 AD2d 619, 620).
Conclusion
The People are charged with 129 days. As this time is less than the 182 days allowed, defendant’s motion is denied.[3]

. This court reads trial court to mean all nisi prius courts rather than just courts of trial jurisdiction. Otherwise, defense counsel would have no duty of representation on a felony case until the case was transferred to a superior court.

. People v Jordan (153 AD2d 263, supra) is distinguishable because the People in that case knew that the attorney no longer represented the defendant. In contrast, the People in this case did not have actual notice that counsel on the felony complaint was no longer representing the defendant.

. Even if the People’s February 29, 1996 statement of readiness was invalid because it was served on Criminal Court counsel, defendant’s motion would still be denied since- only an additional 37 days would be chargeable. These days would include the 19 days from February 29 to March 19, 1996 since the delay between indictment and arraignment does not prevent the People from being ready (People v Correa, supra, 77 NY2d, at 931); the 7 days from March 19 to March 26,1996, since prereadiness court adjournments are charged to the People (People v Collins, 82 NY2d 177, 181); and the 11 days from May 31 to June 11, 1996 since the People are charged for the entirety of prereadiness adjournments (see, People v Smith, supra, 82 NY2d, at 678; People v Urraea, supra, 214 AD2d, at 378).