OPINION OF THE COURT
Betsy Barros, J.
The defendant, Erick Miller, moves pursuant to CPL 210.20 *508 (1) (c) for dismissal of this indictment for criminal possession of a controlled substance and related charges. Defendant maintains that he was denied the opportunity to testify before the Grand Jury voted to indict him (CPL 190.50 [5] [a]).
BACKGROUND
Defendant was arrested on March 23, 1998, and was arraigned in Criminal Court the following day. On March 24, 1998, the People served defendant with CPL 190.50 notice of their intention to submit the case to the Grand Jury. It is undisputed that at that time defendant, represented by 18-B Panel (County Law art 18-B) Attorney Lance Lazzaro (hereinafter Mr. Lazzaro), filed the requisite written cross CPL 190.50 notice to the People indicating his intention to testify before the Grand Jury.
On March 27, 1998, Assistant District Attorney Peter Suglia (hereinafter ADA Suglia) telephoned and left a message on Mr. Lazzaro’s answering machine requesting that he call to set a time for defendant to testify before the Grand Jury. When Mr. Lazzaro failed to respond, ADA Suglia followed up on March 30, 1998 with another message and a faxed letter indicating that if the People did not hear from Mr. Lazzaro before 1:00 p.m. on April 3, 1998 they would consider it a waiver of defendant’s intention to testify before the Grand Jury, as April 3, 1998 was the last day of the Grand Jury’s term.
On March 31, 1998, Mr. Lazzaro left a message on ADA Suglia’s voice mail indicating that on March 27, 1998, the court relieved him as defendant’s counsel and had instructed defendant to retain a private attorney. ADA Suglia responded to this call by leaving another message on Mr. Lazzaro’s answering machine stating that Mr. Lazzaro should call defendant and instruct him to appear before the Narcotics Grand Jury and that, if defendant did not yet have retained counsel, ADA Suglia would arrange to have counsel assigned for the limited purpose of representing defendant in the Grand Jury. ADA Suglia did not receive any further communication from Mr. Lazzaro or the defendant. On April 2, 1998, the Grand Jury voted to indict defendant and the indictment was subsequently filed on April 3, 1998.
DISCUSSION
At issue is whether ADA Suglia’s attempts to notify defendant of the pending Grand Jury proceedings, by contacting Mr. Lazzaro, were sufficient to satisfy the People’s burden pursu *509 ant to CPL 190.50 (5) (b), and concomitantly, whether defendant’s failure to contact the People after Mr. Lazzaro was notified of the pending Grand Jury proceedings was sufficient to establish a waiver of defendant’s right to testify. Neither party cites any case law in support of their respective positions.
CPL 190.50 (5) (b) states in relevant parts: “(b) Upon service upon the district attorney of a notice requesting appearance before a grand jury pursuant to paragraph (a), the district attorney * * * must subsequently serve upon the applicant, at the address specified by him, a notice that he will be heard by the grand jury at a given time and place”. (Emphasis added.)
The right to testify is absolute and “the statute contemplates ‘actual’ rather than technical notice to the defendant reasonably calculated to apprise the defendant of the Grand Jury proceeding” (People v Abdullah, 189 AD2d 769 [2d Dept 1993]). The concept of reasonable notice, however, is not stagnant and must be applied to the particular facts of each case (supra; People v Jordan, 153 AD2d 263, 267 [2d Dept 1990], lv denied 75 NY2d 967 [1990]).
In People v Jordan (153 AD2d 263, supra), the People served the defendant with notice of the upcoming Grand Jury proceedings at the address indicated on the defendant’s cross CPL 190.50 notice, which was the attorney in charge at the Legal Aid Society. The court record in People v Jordan, however, indicated that the Legal Aid Society was assigned as legal counsel “ ‘for arraignment onfy ” (supra, at 264). Additionally, the court file was stamped “defendant to retain attorney” (supra). The People, who were apprised of the limited nature of the Legal Aid Society’s appearance on defendant’s behalf, ultimately presented the case to the Grand Jury without eliciting any testimony from the defendant (supra, at 268).
In that case the Court rejected the People’s argument that the statute was satisfied by delivery of the notice to the address Usted in the defendant’s cross notice and concluded that: “[W]here a defendant is represented by counsel ‘for arraignment only, the additional service of a timely notice upon the defendant himself, or on an attorney subsequently entering the case if the People are aware of his appearance, constitutes an appropriate accommodation which comports with the statute’s remedial objective and furthers the interest of justice under *510 the circumstances presented.”[1] (People v Jordan, supra, at 269 [emphasis added]; see also, People v Davis, 133 Misc 2d 1031 [Sup Ct, Queens County 1986].)
The court also rejected the People’s argument that the defendant’s failure to appear before the Grand Jury was directly caused by the Legal Aid Society’s refusal to forward the People’s notice to the defendant.[2] Although the Legal Aid Society breached its professional and ethical responsibilities to a former client, that fact did not relieve the People of their independent obligation to furnish the defendant with actual notice of the Grand Jury presentation (People v Jordan, supra, 153 AD2d, at 268).
In the instant case the People did more than “perfunctorily deliver” their notice to an attorney whom they knew no longer represented the defendant (People v Jordan, supra, 153 AD2d, at 268). Nevertheless, “[i]t is the District Attorney — not defense counsel — who is charged in the first instance with providing adequate notice to the defendant” (supra). Here, upon learning that the counsel of record had been relieved by the court, the People could have satisfied their CPL 190.50 (5) (b) obligation *511 by serving notice to the defendant himself.[3] However, they failed to serve such notice.
Where the People are aware that defense counsel’s representation was for a limited period of time, CPL 190.50 (5) (b) notice is defective unless it is also served upon the defendant personally or upon an attorney who subsequently enters the case on defendant’s behalf (People v Jordan, supra, 153 AD2d, at 269; People v Davis, supra, 133 Misc 2d, at 1033).
CONCLUSION
For the foregoing reasons the defendant’s motion to dismiss the indictment is granted with leave to the District Attorney to resubmit the charges to another Grand Jury if so advised.

. Compare this outcome with the notice requirements in the context of a CPL 30.30 statement of readiness. There, one court has stated that: “[R]equiring service of the notice directly on the defendant would not necessarily protect a defendant’s interests since, unlike counsel, a defendant is not likely to appreciate the legal significance of such a notice (see, People v Ramos, supra, 85 NY2d, at 685-686). Even if some reason prevents the assignment of prior counsel on the felony complaint, such counsel can always forward any notice to new counsel. Such a duty is not unduly burdensome.” (People v Frazier, 171 Misc 2d 407, 410-411 [Sup Ct, Kings County 1997].) There the court analyzed the ethical duty of the defense counsel under the rules of the court (see, Rules of App Div, 2d Dept [22 NYCRR] § 671.2).

. The Appellate Division, Second Department, noted its disapproval of the professional laxity by counsel who appear in a limited capacity (People v Jordan, supra, 153 AD2d, at 269). At a minimum an attorney is obligated to keep a defendant apprised of her rights under CPL 190.50 until such time as new counsel is retained or assigned (People v Davis, supra, 133 Misc 2d, at 1033; Code of Professional Responsibility DR 2-110 [A] [2] [22 NYCRR 1200.15 (a) (2)]; see also, People v Jordan, supra, 153 AD2d, at 265, n; People v Frazier, 171 Misc 2d 407, 411 [Sup Ct, Kings County 1997], supra [a criminal defense attorney who appears for purposes of arraignment only has the ethical and professional duty to forward notices relating to that representation to the former client]). Code of Professional Responsibility DR 2-110 (A) (2) (22 NYCRR 1200.15 [a] [2]) states: “Even when withdrawal is otherwise permitted or required under * * * DR 2-110(A)(l), (B) or (C), a lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules.”

. Defendant’s address is listed in the court file.