(May 22, 2003)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAMELA LARABY, Also Known as PAMELA NEWMAN, Appellant. (Appeal No. 1.) [762 NYS2d 456] —Appeal from a judgment of Ontario County Court (Doran, J.), entered March 5, 2002, convicting defendant upon her plea of guilty of, inter alia, felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the plea is vacated and the matter is remitted to Ontario County Court for further proceedings on the indictment.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her upon a plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [ii]) and endangering the welfare of a child (Penal Law § 260.10 [1]). In appeal No. 2, she appeals from a judgment convicting her, also upon a plea of guilty, of grand larceny in the third degree (§ 155.35) and five counts of forgery in the

second degree (§ 170.10 [1]). Defendant retained Jeffrey M. Jayson, Esq. to represent her in both matters. After a two-day trial on the charges in the first indictment (appeal No. 1), defendant entered pleas of guilty under two indictments (appeal Nos. 1 and 2) and waived her right to appeal. She did not thereafter move to withdraw the pleas or vacate the judgments of conviction.

We note at the outset that the contention of defendant that she was denied effective assistance of counsel survives both the pleas and her waivers of the right to appeal despite the fact that she made no postconviction motions (*see People v Dupont*, 292 AD2d 872 [2002], *lv denied* 98 NY2d 650 [2002]; *People v Ferguson*, 192 AD2d 800 [1993], *lv denied* 82 NY2d 717 [1993]). The People candidly agree with defendant that she was denied effective assistance of counsel.

Viewing the evidence, the law and the circumstances of these cases in totality and as of the time of the representation, we agree with defendant and the People that she was denied meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). From the inception of his representation of defendant in these matters, defense counsel made clear that defendant's cases were not a priority for him. Prior to trial on the charges in the first indictment (appeal No. 1), he filed no motions on her behalf with respect to the charges in either indictment and consistently requested adjournments due to other allegedly more important matters. Moreover, he was ill-prepared at the hearings that he did attend and demonstrated an utter lack of proficiency in criminal law matters. The conduct of defense counsel during the trial on the charges in the first indictment (appeal No. 1) reflected his total lack of preparation and, indeed, he called a witness whose testimony undercut his defense strategy. Finally, at the end of the second day of trial, he admitted that he had been "trying to get out of this as quick as I could for as long as I [could]." Defendant requested substitution of counsel based on her attorney's poor performance, and County Court denied her request. Defendant then pleaded guilty under the two indictments and waived her right to appeal. Because defendant's pleas were infected by ineffective assistance of counsel (*cf. People v Petgen*, 55 NY2d 529, 535 [1982], *rearg denied* 57 NY2d 674 [1982]) and defendant entered the pleas because of her attorney's poor performance, we reverse the judgments, vacate defendant's pleas of guilty and remit the matters to Ontario County Court for further proceedings on the indictments. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.