[772 NYS2d 769]

In the Matter of JEFFREY M. JAYSON, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner.

Fourth Department, December 31, 2003

**APPEARANCES OF COUNSEL**

*Margaret C. Callanan, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Jeffrey M. Jayson*, Getzville, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 10, 1991, and maintains offices for the practice of law in Erie County and Monroe County. The Grievance Committee filed a petition charging respondent with acts of misconduct including failure to supervise nonlawyer employees and neglect. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties stipulated to amend the petition and the answer. After the hearing, the Referee submitted a report, which the Grievance Committee moves to confirm in part. Respondent cross-moves to reject the Referee's findings of fact insofar as they sustained charges of professional misconduct and to dismiss the petition.

The admitted and stipulated facts and the proof taken at the hearing establish that respondent failed to supervise adequately two nonlawyer employees and neglected four legal matters entrusted to him, failing to complete three of those matters. The failure of respondent to supervise adequately one of his employees resulted in the filing with Supreme Court of an uncontested matrimonial checklist, which respondent had signed, verifying that he had reviewed the papers and had complied with all applicable requirements. Respondent had not reviewed the papers, and there had not been compliance with all applicable requirements.

We confirm the Referee's findings of fact and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 1-104 (c) (22 NYCRR 1200.5 [c])—failing to supervise adequately the work of a nonlawyer employee;

DR 2-110 (a) (1) (22 NYCRR 1200.15 [a] [1])—withdrawing from employment without court permission in a proceeding in which permission is required;

DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2])—withdrawing from employment without taking reasonably practical steps to avoid foreseeable prejudice to the rights of his client;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—failing to carry out a contract of employment entered into with a client for professional services.

We have considered the matters submitted by respondent in mitigation. Respondent, however, has committed serious misconduct. Additionally, we note that respondent's disciplinary history includes four letters of caution and one letter of admonition. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended for 18 months and until further order of the Court.

PINE, J.P., HURLBUTT, KEHOE and HAYES, JJ., concur.

Order of suspension entered.