[832 NYS2d 696]

In the Matter of JEFFREY M. JAYSON, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 2, 2007

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Acting Chief Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Richard T. Sullivan*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 10, 1991, and formerly maintained offices for the practice of law in Erie County and Monroe County. By order entered December 31, 2003, we suspended respondent from the practice of law for 18 months and until further order of the Court for misconduct that included failing to provide adequate supervision for two nonlawyer employees and neglecting client matters (*Matter of Jayson*, 3 AD3d 80 [2003]). Respondent has not applied for reinstatement to practice.

The instant proceeding was commenced by the filing of a supplemental petition directed to the commission of acts of misconduct that allegedly occurred during the same time period as the misconduct alleged in the original petition. Respondent filed an answer denying material allegations of the supplemental petition and objecting to the filing of a supplemental petition subsequent to the imposition of discipline by this Court on the charges in the original petition.

We appointed a referee to conduct a hearing, and, prior to the hearing, the parties stipulated to amend the answer, thereby resolving outstanding issues of fact. Respondent testified at the hearing regarding matters in mitigation of the charges. The Referee has submitted a report, which the Grievance Committee has moved to confirm. Respondent has cross-moved to dismiss the supplemental petition.

As an initial matter, we note our agreement with the respondent that the pleading filed by the Grievance Committee in this matter is incorrectly denominated a supplemental petition. Inasmuch as the original petition was no longer pending when this proceeding was commenced, the pleading at issue herein was a petition and not a supplemental petition. We decline to dismiss the pleading based upon that error, however, and we

instead treat the supplemental petition as a petition (*see* CPLR 103 [c]).

Respondent was charged with acts of misconduct arising from his representation of a client who retained him to represent her in a criminal matter. The client entered pleas of guilty under two indictments following the denial of her request for substitution of counsel. We reversed the judgments of conviction, vacated the pleas and remitted the matters for further proceedings on the ground that respondent failed to provide meaningful representation (*People v Laraby*, 305 AD2d 1121 [2003]).

The Referee found, based upon the facts underlying our decision in *Laraby*, that respondent accepted representation of a client when he knew or should have known that he was unable to provide meaningful representation, that he failed to represent the client zealously, as he was obligated to do, and that he failed to withdraw from representation when it became obvious that he should do so. The Referee further found that respondent had an obligation to refund the retainer fee to his client and that he had failed to do so.

Additionally, the Referee found that respondent collected excessive fees from clients, failed to refund unearned fees or to satisfy an arbitration award, issued a check drawn against his trust account that was dishonored for insufficient funds, and, in a matrimonial matter in which he represented the wife, agreed to prepare and file a qualified domestic relations order on behalf of the husband, without making required disclosures to the wife or obtaining her consent.

We confirm the Referee's findings of fact and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (a) (22 NYCRR 1200.11 [a])—entering into an agreement for, charging or collecting an illegal or excessive fee;

DR 2-106 (c) (3) (22 NYCRR 1200.11 [c] [3])—entering into an arrangement for, charging or collecting a fee proscribed by law or rule of court;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—withdrawing from employment without refunding promptly any part of a fee paid in advance that has not been earned;

DR 2-110 (b) (2) (22 NYCRR 1200.15 [b] [2])—failing to withdraw from employment when he knows or it is obvious that continued employment would result in violation of a disciplinary rule;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he or she could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved;

DR 5-105 (c) (22 NYCRR 1200.24 [c])—representing multiple clients with differing interests without disclosing the implications of the simultaneous representation and obtaining the consent of the clients to the representation;

DR 5-108 (a) (1) (22 NYCRR 1200.27 [a] [1])—representing a client in the same matter in which he represented a former client when the client's interests are materially adverse to the interests of the former client without obtaining the consent of the former client after full disclosure;

DR 6-101 (a) (1) (22 NYCRR 1200.30 [a] [1])—handling a legal matter when he knows or should know that he is not competent to handle it;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—intentionally failing to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules;

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds of a client coming into his possession and to render appropriate accounts to his client regarding them;

DR 9-102 (d) (22 NYCRR 1200.46 [d])—failing to maintain required records of bank accounts; and

DR 9-102 (i), (j) (22 NYCRR 1200.46 [i], [j])—failing to make available to the Grievance Committee financial records required by the disciplinary rules to be maintained.

We have considered the matters in mitigation found by the Referee, including that respondent, at the time of the misconduct, suffered from severe health problems. Additionally, we have considered that most of the misconduct that is the subject of the instant proceeding occurred prior to respondent's suspension. Accordingly, we conclude that respondent should be suspended for 18 months, effective June 30, 2005, and until further order of the Court. Respondent is directed to make restitution pursuant to the order entered herewith.

SCUDDER, P.J., GORSKI, GREEN and PINE, JJ., concur.

Order of suspension entered.