*1006 OPINION OF THE COURT
Eileen N. Nadelson, J.
Defendant was arraigned on a felony complaint charging him with assault in the second degree and lesser related charges. The felony charge was subsequently dismissed on October 4, 2007 at which time the court concluded that the complaint was converted to a misdemeanor information. The case was adjourned to November 28, 2007 for discovery by stipulation.
CPL 30.30 requires the People to be ready for trial within specified time periods. For misdemeanor crimes such as the instant ones, wherein the penalty is a sentence of imprisonment of more than three months, CPL 30.30 (1) (b) requires the People to be ready within 90 days of the commencement of the criminal action. When a defendant is originally charged with a felony but the charge is reduced to a misdemeanor, the CPL 30.30 time starts running from the date of the reduction. (People v Cooper, 98 NY2d 541 [2002].)
CPL 30.30 allows for specified periods of exclusion, but in the instant matter both sides agree on all of the time allocations except for the period from November 28, 2007 to January 2, 2008 during which time the matter was adjourned for hearings and trials. Defendant asserts that the People did not announce “ready” on November 28, 2007, when they served and filed discovery, and so this period of 35 days should be charged to them. In their opposition, the People state that none of this time is chargeable to them, but they do concede in their memo accompanying their opposition that they did not announce “ready” on November 28, 2007, nor did they announce “ready” at any point prior to that time. In the official court file there is no indication as to whether the People declared “ready” or not, or whether any of this time is chargeable to the People.
For speedy trial purposes pursuant to CPL 30.30, “ready for trial” encompasses two elements: one, a statement of readiness by the prosecution either made in open court and transcribed by a court reporter or recorded by the clerk, or a written notice of readiness sent by the prosecution to both defense counsel and the appropriate court clerk; and two, the People must in fact be ready to proceed at the time they declare readiness. (.People v Chavis, 91 NY2d 500 [1998].)
In the instant matter the People announced that they were ready for trial for the first time on March 25, 2008, more than 90 days after the charges were reduced to a misdemeanor. *1007 However, the People argue that the period from November 28, 2007 until January 2, 2008 should not be charged to them because the matter was adjourned for hearings and trials and the People are afforded a reasonable period of time in which to prepare. This argument is specious.
The People are charged for the entire period of prereadiness delay unless there is a specific exclusion of the time under CPL 30.30 that prevented the prosecution from being able to assert its readiness. (People v Correa, 77 NY2d 930 [1991].) The People’s argument with respect to a reasonable period of time to prepare for trial applies only to postreadiness adjournments. (See generally People v Urraea, 214 AD2d 378 [1st Dept 1995].) In the case at bar the People did not announce “ready” until several adjournments subsequent to the period in question, nor did they allege any circumstance that prevented them from announcing that they were ready for trial prior to that date.
Based on the foregoing, the court concludes that the People did not announce “ready” within 90 days from the time the charges were reduced to misdemeanors and no circumstance is alleged that would have prevented them from asserting their readiness prior to March 25, 2008. Consequently, defendant’s motion to dismiss pursuant to CPL 30.30 is granted.