People v Bloodworth (2019 NY Slip Op 05284)





People v Bloodworth


2019 NY Slip Op 05284


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


519 KA 15-01819

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALI BLOODWORTH, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered August 31, 2015. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings on the superceding indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law
§ 160.15 [4]) and grand larceny in the third degree (§ 155.35 [1]). Defendant contends that he was denied effective assistance of counsel based on defense counsel's handling of the statutory speedy trial motions. We agree. Initially, we conclude that defendant's contention survives the plea inasmuch as "the plea bargaining process was infected" by the ineffective assistance, and defendant "entered the plea because of" it (People v Abdulla, 98 AD3d 1253, 1254 [4th Dept 2012], lv denied 20 NY3d 985 [2012] [internal quotation marks omitted]; see People v Laraby, 305 AD2d 1121, 1122 [4th Dept 2003]). Defense counsel asserted, and the People did not dispute, that the action was commenced on January 8, 2014, when charges were filed against defendant. On June 27, 2014, an indictment was filed, and defendant was arraigned on the indictment on July 14, 2014, at which time the People announced their readiness for trial. Defendant filed a pro se motion to dismiss the indictment pursuant to, inter alia, CPL 30.30. In denying the motion, Supreme Court noted the date of the filing of the indictment and that the People had announced their readiness for trial, but did not mention that the People had not announced their readiness until July 14.
After a superceding indictment was filed, defense counsel moved to dismiss the superceding indictment pursuant to CPL 30.20 and 30.30. Although defense counsel set forth the pertinent dates of the commencement of the action and defendant's arraignment, at which time the People announced their readiness for trial (see CPL 30.30 [1] [a]), he failed to argue that the relevant period exceeded six months and was a clear violation of defendant's statutory speedy trial rights. Instead, defense counsel focused on the constitutional speedy trial claim. At oral argument of the motion, the court addressed the statutory speedy trial claim, set forth the pertinent dates, and then stated that, according to its calculation, "without specifically crunching the numbers, but by estimates, that is a period of five months and seven days." After addressing the circumstances of the superceding indictment and the constitutional speedy trial claim, the court asked defense counsel if there were "any fact[s] that would be pertinent that [it] did not recite in discussing the matter." Instead of pointing out the court's erroneous calculation of the statutory speedy trial period, defense counsel stated, "I think my motion was essentially based on the 30.20 Constitutional speedy trial . . ."
" [I]t is well settled that a failure of counsel to assert a meritorious speedy trial claim is, [*2]by itself, a sufficiently egregious error to render a defendant's representation ineffective' " (People v Sweet, 79 AD3d 1772, 1772 [4th Dept 2010]; see People v Garcia, 33 AD3d 1050, 1052 [3d Dept 2006], lv denied 9 NY3d 844 [2007]). Here, although, as noted, defense counsel made a speedy trial claim, we conclude that there was no strategic or legitimate explanation for defense counsel's failure to alert the court that it had inaccurately calculated that only five months and seven days had passed between the commencement of the action and the People's statement of readiness and that, instead, more than six months had elapsed (see generally People v Pavone, 26 NY3d 629, 646-647 [2015]; People v Caban, 5 NY3d 143, 152 [2005]).
We reject the People's contention that defense counsel may have determined that the statutory speedy trial motion was without merit inasmuch as the filed indictment stated at the bottom, underneath the signature of the District Attorney, that " THE PEOPLE HEREBY ANNOUNCE READY FOR TRIAL ( ) / /.' " Notably, the "( )" after that statement of readiness does not have any check mark, thus suggesting that the People were affirmatively not ready. In any event, even if that statement in the indictment were considered a "statement of readiness," the People were required to provide written notice of readiness to defense counsel as well as the court, which they failed to do. "[T]here must be a communication of readiness by the People which appears on the trial court's record. This requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record" (People v Kendzia, 64 NY2d 331, 337 [1985]). The People's reliance on a footnote in that case to support their position is misplaced. That footnote states that, "[i]f the prosecutor's statement of readiness in open court were made without defense counsel present, the prosecutor would have to promptly notify him of the statement of readiness" (id. at 337 n [emphasis added]). Here, the statement of readiness in the filed indictment was not one made in open court. Furthermore, the People's notice to defense counsel 17 days later, at defendant's arraignment, was not a prompt notification (cf. People v Williams, 167 AD2d 882, 882-884 [4th Dept 1990], lv denied 77 NY2d 845 [1991]; People v Cole, 90 AD2d 27, 28 [3d Dept 1982]).
In light of our conclusion, we do not address defendant's remaining contention.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court